Dewitt C. Holbrook, Administrator, etc., and Alice M. Yates v. Theodore J. Campau et al.

*Appointment of administrators: Equity jurisdiction.* The court of chancery in this state has no power to remove an administrator for an abuse of his trust. Complete jurisdiction over the subject is vested in the court of probate; and the powers of the court of chancery are limited to some purpose auxiliary to the relief sought in the probate court.

*Powers of administrators: Possession of real estate: Jurisdiction in equity.* The power conferred upon an administrator by the statute (*Comp. L.* § 2904) to take possession of the real estate of deceased, is not to be exercised unless it is necessary; and if he should exercise it arbitrarily, or oppressively, he may be restrained by the process of the court of chancery.

*Heard January 11.   Decided January 12.*

Appeal in Chancery from Wayne Circuit.

*D. C. Holbrook,* for complainants and appellants.

*Geo. H. Prentis,* for defendants.

COOLEY, J.

The bill in this case is filed by Dewitt C. Holbrook, as administrator of the estate of James J. Campau, deceased, one of the sons of the late Joseph Campau, and by Alice M. Yates, late the widow of James J. Campau, and to whom dower in his estate has been set off, and who has also become purchaser of the interest of one of the heirs-at-law of said James.   The defendants are the administrators and the other persons interested in the estate of said Joseph Campau.   The general purpose of the bill appears to be to restrain the administrators of Joseph Campau from further acting as such; to obtain a receiver of the estate with full power and authority to take possession and charge thereof and settle the same; and to have a settlement of the administration accounts in the court of chancery.   The

Circuit Judge, on the case being brought to his attention, dismissed it, *sua sponte*, for want of jurisdiction.

The bill, assuming its charges to be true, makes out a very gross case of misbehavior on the part of the administrators of Joseph Campau, which has been continued for several years, to the serious injury of the heirs-at-law. But the most of the matters charged are such as cannot be examined into by the court of chancery for any such purpose as that which appears to be the main object of this bill. Estates of deceased persons are not settled in equity under our laws, nor can the court of chancery interfere to remove administrators for abuse of their trust. Complete jurisdiction over these subjects is conferred upon the courts of probate, and if the interposition of equity is demanded, it must be for some purpose auxiliary to relief being sought in those courts.

The complainant does not seem to have invoked the aid of the probate court, either for the purpose of calling the administrators to account, or to have them removed. He seeks original relief to this effect from the court of chancery, and he asks the appointment of a receiver as auxiliary to this relief. But we think the Circuit Judge was entirely right in holding that whatever jurisdiction the court of chancery formerly had of these subjects is now conferred by our laws upon the courts of probate. And we have no doubt that jurisdiction in those courts was meant to be exclusive, except as the court of chancery, in exceptional cases, might render them aid and assistance by means of such auxiliary remedies, as might be needful to prevent wrong and injustice before the probate jurisdiction could be rendered effectual.

So far, therefore, as this bill calls for an accounting by the administrators, and for their removal, and for a receiver of the estate pending this litigation, it cannot be sustained.

The bill, however, goes somewhat farther than this. If its allegations are true,—and for the purposes of this case we must assume them to be so,—the administrators have taken proceedings under which the real estate belonging to their intestate has been partitioned among the heirs-at-law, and ought long since to have been turned over to their possession. Nevertheless the administrators, without any justifiable occasion, exclude the other heirs from the possession of the land set off to them, and in the meantime are needlessly accumulating expenses against the estate, by useless litigation, extravagant and fictitious charges; and, in short, by using the income of a large estate as a means by which to keep the rightful parties from its possession and enjoyment.

Our statute (*Comp. L.* § *2904*) gives to the administrator the right to take possession of the real estate of the deceased while the estate is in process of settlement, but it does not contemplate that he will assert this right unless necessary. Generally it must undoubtedly be left to him to determine whether there is any such necessity or not, but there must be cases in which, if he should exercise his power arbitrarily and oppressively, the courts may give relief. If, for instance, an administrator while his final account was pending should undertake to exclude the heirs from the possession of the realty for the purposes of oppression and extortion, it would be a reproach to the law if it could not render speedy and effectual relief. To such relief an injunction alone is adequate,—any remedy which may be had in the probate court being subject to delays which might, for the time being, render it nugatory.

In the bill before us the case made is substantially of this character. The administrators are charged, with considerable particularity of recital, with excluding complainants from their rights in the realty, without the least necessity, and for the purposes of extortion. They have filed three

accounts in the probate court, each of which shows that possession of the lands is not needful for the purposes of the trust; and their own action in having the lands partitioned, though not conclusive on the point, is a recognition of the same fact and should be treated as a surrender of their discretionary right to possession. One of these accounts was pending and awaiting settlement when the bill was filed, and the bill avers that a large sum will be found due to the estate on that account.

The estate is estimated in the bill at a million dollars. The accounts allowed against it were only some twelve thousand, the annual income is stated at fifteen thousand, and twenty thousand dollars' worth of real estate has been sold by the administrators. Under these circumstances the largest demands accruing against the estate must be the taxes upon the lands, which ought to be and would be paid by the persons to whom the lands were partitioned if the administrators would suffer them to have undisturbed possession. Admitting these things to be true, the action of the administrators is plainly arbitrary and oppressive, and the authority which the law confers upon them for the purposes of the trust, they are exercising to defeat, or at least, to hinder and delay the purpose of the law. It is as if a sheriff, empowered to sell property to satisfy a judgment, should make use of the property in his own business, or to advance his own ends, and then plead his official discretion in fixing the time and place of sale, in answer to the complaints of the parties interested.

We confine our decision in this case to the precise record before us, which shows that the administration accounts already rendered disprove any necessity on the part of the administrators to have further possession of the real estate. In such a case they ought to be enjoined from interfering with it to the prejudice of complaining parties; and the

aid of the court of chancery to that extent may fairly be regarded as auxiliary to the accounting in the probate court. We think the complainants on the case made by the bill, were entitled to an injunction to this extent, subject, of course, to be modified or dissolved according to the exigencies of the estate, as they might be disclosed in the probate court.

The decree of the court below must be reversed, with costs, and the cause remanded.

The other Justices concurred.