83  259
111  478

## OSCAR F. PHILLIPS v. SARAH PHILLIPS.

*Deed—Delivery—Fraud—Contract—Specific performance*

1. In a suit involving the alleged delivery of a deed on Sunday there was a direct conflict in the testimony, which was taken in open court; and the conclusion of the circuit judge in favor of the validity of the deed is affirmed on appeal.

2. This case involves the question of the performance of an ante-nuptial agreement for the conveyance of an undivided interest in land by the man to the woman, and the execution by her to him of a life-lease, which contract has been performed on his part, and a decree is entered for a specific performance on her part.

Appeal from Ionia.  (Smith, J.)  Submitted on briefs October 31, 1890.  Decided November 14, 1890.

Bill to set aside deed on the ground of fraud, and for general relief.  Complainant appeals.  Decree reversed, and one entered in this Court securing to complainant a life-lease in the property conveyed.  The facts are stated in the opinion.

*Davis & Nichols*, for complainant.

*Bennett & Benschoter*, for defendant.

GRANT, J.  Complainant and defendant were married March 13, 1887.  Their courtship began about a year prev-

ious. Their agreement to marry was made in May, 1886. At that time both were married, and each had commenced a suit for divorce, which suits were then pending. Their agreement was of course conditioned upon the success of these divorce suits, which were finally decided in their favor.

Prior to their marriage they made a contract by which complainant agreed to execute and deliver to defendant a deed of an undivided one-half of 95 acres of land, and defendant ageed to execute to complainant a life-lease of the same land. Complainant executed and delivered the deed, which was dated and acknowledged March 12, 1887. Complainant asserts that it was delivered on Sunday, the 13th, the day of their marriage, while defendant asserts that it was delivered on the Saturday before. The testimony on this point is in direct conflict, with the presumption against complainant, and the burden of proof upon him. The circuit judge saw the witnesses, and heard their testimony. He was therefore in a much better position than is this Court to ascertain the truth. We will not therefore disturb his conclusion in this respect that it was delivered on the 12th.

After their marriage, complainant and defendant lived together, but not very happily, till September 14, 1888, when she left him, and filed a bill for divorce. October 9, 1889, complainant filed this bill, alleging that defendant entered into a wicked scheme to defraud him; that he was an old man, 66 years of age; that, she was 46, and a woman of more than ordinary ability; that he was induced to and did execute said deed by reason of the improper and fraudulent use of her influence and control over him; and that she refused to carry out the agreement by executing the lease. The prayer of the bill is that the deed may be set aside, and for general relief.

Defendant denies that she agreed to execute a life-

lease. But we think a fair preponderance of the evidence settles this question in favor of complainant. Disinterested witnesses testify that she admitted that such was the arrangement, and that when the lease was drawn and presented to her to sign she asked for further time to consider it.

While there is testimony in the case tending to show that defendant married complainant rather from mercenary motives than from love or affection, yet there is nothing in the record to warrant the conclusion that his intellect or will had become enfeebled by age, or that the execution of the deed was obtained by any improper or undue influence. Both understood the situation fully. They had known each other for 20 years. The terms of the agreement were discussed frequently, and the reasons stated why she wanted the deed. Both understood the full purport of the arrangement, and deliberately made it. He fully executed it by the marriage and delivery of the deed. She violated it by refusing to execute the lease. Neither is deserving of much consideration by a court of equity. Equity has done all it can or ought to do when it shall have decreed the specific performance of the antenuptial contract, which he fully, and she only partially, performed. Their post-nuptial rights depend entirely upon their conduct towards each other after marriage, and they must be determined by the court of chancery in the divorce suit which is still pending.

The decree of the court below must be reversed, and decree entered in this Court for complainant securing to him a life-lease of the property. Complainant will recover the costs of both courts.

CHAMPLIN, C. J., CAHILL and LONG, JJ., concurred. MORSE, J., did not sit.