———o———

HARVEY J. TAYLOR, ADMINISTRATOR, ETC., v. WASHINGTON I. TAYLOR ET AL.

*Demurrer—Appeal.*

A demurrer to a supplemental bill to reform and foreclose a mortgage, which fails to allege a want of equity in the bill, and assigns as grounds of demurrer that the complainant has not made or stated a case which entitles him to file the bill, or any bill in the nature thereof, or a case which entitles him to the relief prayed for, does not contain a sufficient statement to be treated as a general demurrer to the bill for want of equity.

Appeal from Oakland. (Moore, J.) Argued June 4, 1891. Decided July 28, 1891.

Bill to reform a mortgage, and to foreclose the same. Defendant Washington I. Taylor appeals from order overruling demurrer. Appeal dismissed, and appellant allowed 60 days in which to answer. The facts are stated in the opinion.

*Aaron Perry*, for complainant.

*Elliot R. Willcox*, for appellant.

LONG, J. This bill was filed to reform a mortgage as to the description of the lands incumbered, and to correct a mistake in such description.

The mortgage was given March 25, 1887, for $2,109, to be paid in three years, at 6 per cent. It was given to Burgoyne Jones in his life-time, and the mistake, if one was made in the description, was not discovered until after his death. It is claimed by the bill that the mortgage as written covers less than 4 acres of the land intended to be conveyed, and that it was intended to cover 56.95 acres, including the four acres named in the mortgage. The value of the land described is about $150, while the land intended to be described is claimed to be worth the full amount of the mortgage, and that the mistake occurred from inadvertence of the parties and of the scrivener who drafted the mortgage.

The defendant Washington I. Taylor answered, admitting the making of the mortgage and note, but denying that any mistake was made in the description of the premises. Defendant Annie Taylor also answered, denying that it was intended that the mortgage should cover the 56.95 acres, and averring that 40 acres of this land was a homestead, and that she had never executed any mortgage which she intended should incumber the homestead. The township of Avon was defaulted for want of an answer.

An order was entered in the case to take proofs in open court, and the cause placed on the calendar for hearing, but before proofs were taken Annie Taylor died, March 27, 1890. On April 9 following, application was made to the court by defendants' solicitor to suggest

87 MICH.—5.

of record the death of Annie Taylor. On the same day application was made by the solicitor for complainant for leave to file a supplemental bill, to the effect that, since said cause had been at issue, said mortgage had become due and payable, and was yet unpaid, for the purpose of foreclosing the mortgage in the same bill, and also to allege the death of Annie Taylor, and the extin-·guishment thereby of all her rights, and those of her personal representatives, as to any homestead interest which she might have had therein; and that the cause continue without abatement as to the·surviving defendants upon filing of such supplemental bill. An order was granted by the court upon this application, allowing the cause to proceed without abatement, and the filing of the supplemental bill, reciting the facts, and that the cause proceed solely against the surviving defendants. On April 10 the supplemental bill was filed, and served on the defendant Washington I. Taylor, to which he filed demurrer. In the mean time John R. Taylor was duly appointed administrator of the estate of Annie Taylor, and presented his petition setting forth the death of Annie Taylor, and his appointment, and claiming that the lands still continued as a homestead to her husband and children, who still occupy them as such, and asking for the revival of said suit as to Annie Taylor. On December 15, the order was granted by the court reviving the cause as to Annie Taylor, and permitting her administrator to stand in her stead. On the same.day an order was made by the court overruling the demurrer of Washington I. Taylor. From this order overruling the demurrer the defendant Washington I. Taylor appeals to this Court.

The causes of demurrer are as follows:

1. That the said supplemental bill is filed with a

change of the title of the cause without an order of the court authorizing such change, omitting, as it does, the name therefrom of the defendant Annie Taylor.

2. That the said supplemental bill does not continue Annie Taylor, or her legal representatives, a party defendant in said cause, although she appeared in said cause, and filed her cross-bill with her answer, as provided by rule 123, alleging important interests and defenses to the claims of said complainant, and asking in said cross-bill affirmative relief.

3. That said supplemental bill, by its allegations as to the rights and interests of Annie Taylor and her representatives, and the relief therein prayed for, seeks to adjudicate and bar her said rights, without making her, or her legal representatives, defendants therein.

4. That said Annie Taylor, or her legal representatives, is a necessary defendant in said cause, and said bill of complaint makes neither of them such defendants.

5. That said supplemental bill seeks to introduce an entirely new and distinct cause of action from that claimed by complainant in his original bill filed in said cause, and is in no way in aid of said original complaint, and is not supplemental thereto.

6. That the maturing of the mortgage referred to in said supplemental bill, after filing the original bill, as is claimed in the former, is not the happening of such subsequent events as warrants in chancery the filing of said supplemental bill.

7. That said complainant in his said bill has not made or stated a case which entitles him to file said supplemental bill in said cause, or any bill in the nature thereof, or a case which entitles him to the relief therein prayed for.

How. Stat. § 6737, permits parties who may think themselves aggrieved by an order overruling a general demurrer to appeal therefrom. Prior to this statute, which was passed in 1883, no appeal was allowed from an order overruling a demurrer; but this statute was not intended to allow appeals from such orders, unless the demurrer is general. *Babcock v. McJury*, 76 Mich. 316; *Shaw v. Chase*, 77 Id. 436.

It is claimed by counsel for the defendant that the

court was in error in overruling this demurrer, and that an appeal will lie to this Court for the reason that, while special causes of demurrer are set up and alleged, yet the seventh clause of the demurrer may be treated as a general demurrer to the bill for want of equity.

We need not pass upon the question whether the demurrer should be treated as general as well as special, and therefore properly appealed from, or whether we should consider the question of the general demurrer so connected with special causes of demurrer, as an examination of what is termed the general demurrer in the seventh clause does not satisfy us that it comes within the definition of a general demurrer. A general demurrer is one going to the merits of the case intended to be made by the bill, and when no particular cause is assigned, except a formula required by the practice or rules of the court, that there is no equity in the bill, and is always proper where the bill is defective in substance. In the present case the only claim made by the seventh clause is that the complainant has not stated a case which entitled him to file said supplemental bill, or a bill in the nature thereof, or a case which entitled him to the relief therein prayed for. The supplemental bill, as it is framed, asks the aid of the court in reforming the mortgage, and also for foreclosure, and we think sets up sufficient matter which, if true, would entitle the complainant to the relief asked for, not only in the correction of the mistake, but for foreclosure of the mortgage.

But, even if this did not appear in the bill, the seventh allegation does not contain sufficient statement to entitle it to be treated as a general demurrer to the bill for want of equity. It does not allege that there is no equity in the bill, but is aimed at the question that the complainant is not entitled to file a supplemental bill in

the cause, and that the supplemental bill does not state a case upon which the complainant · would be entitled to relief.

.The appeal from this order must be dismissed. · The defendant may have 60 . days within which to file his answer to the bill, if he so elects. 'Complainant will recover the costs of this Court.

The other Justices concurred.