ADELAIDE CORBY v. EDGAR O. DURFEE, JUDGE OF PROBATE OF WAYNE COUNTY.

*Mandamus—Authority of probate court—Setting aside orders.*

1. *Mandamus* will not lie where the person to whom it is addressed has no power to obey its mandate.[1]
2. The probate court has no power to vacate an order admitting a will to probate; citing *Grady v. Hughes,* 64 Mich. 545.

*Mandamus.* Argued April 25, 1893. Denied June 1, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order admitting a will to probate. The facts are stated in the opinion.

*Atkinson & Atkinson (Don M. Dickinson,* of counsel), for relator.

*DeForest Paine,* for respondent.

HOOKER, C. J. Relator asks a *mandamus* to compel the probate judge to vacate an order admitting to probate the will of relator's father, Robert Trombley. This order was made in 1872, by respondent's predecessor, and relator claims to have been ignorant of the proceedings until recently, and that the will is fraudulent; that a petition was filed by herself and sisters with the probate court,

---

[1] See *Turnbull v. Giddings,* 95 Mich. 314.

alleging these facts, and that the probate court did not obtain jurisdiction in the original proceedings, concluding with a prayer that the order admitting the will to probate be vacated, and petitioners permitted to contest the will. After a full hearing the probate court denied the relief prayed.

Belator has mistaken her remedy. If not satisfied, she should have appealed from the order of the probate court. How. Stat. § 6779.

A *mandamus* will not be granted where another adequate legal remedy exists. *People v. Circuit Judges,* 1 Doug. 302; *People v. Judge,* 1 Mich. 359; *People v. Circuit Judge,* 19 Id. 296; *Wiley v. Circuit Judge,* 29 Id. 487.

A further reason for denying the relief prayed is the want of power in the probate court to vacate its decree admitting the will in question to probate. In *Grady v. Hughes,* 64 Mich. 545, it is said that—

"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law. Article 6, § 13, Const.; How. Stat. chap. 248. * * * We find no authority given to the probate court to review such decree or to set the same aside."

We do not decide that the jurisdiction of equity is not broad enough to furnish relief in such a case as this is claimed to be.

The writ will be denied, with costs.

The other Justices concurred.