SMITH *v.* BOYD.

1. EQUITY JURISDICTION—FRAUDULENT WILL—BILL TO SET ASIDE.
   Equity has jurisdiction to entertain a bill to set aside the probate of a fraudulent will. So *held* on a bill alleging that complainant was a legatee under the will of his grandfather, but that defendants, the other heirs at law, by fraud' and deceit and undue influence induced the testator, while in feeble health and of unsound mind, to change his will so as to deprive complainant of his interest thereunder, and afterwards secured the probate of the will, complainant then being an infant, without guardian, and having no notice of the proceedings until after the time for appeal had expired.

2. SAME—PLEADING.
   It is not necessary that such a bill should set out the precise manner in which the fraud was accomplished.

Appeal from Wayne; Hosmer, J. Submitted February 14, 1901. Decided July 10, 1901.

Bill by William Eddey Smith against Jennie Boyd and others to set aside certain codicils to a will on the ground of fraud, and for an accounting. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Ralph Phelps, Jr.*, and *Ira G. Humphrey*, for complainant.

*James H. Pound*, for defendants.

MOORE, J.   This is an appeal from an order overruling a demurrer to a bill in chancery.   There are several reasons stated in the demurrer why the bill should be dismissed.   Section 549, 1 Comp. Laws, allows an appeal only when the demurrer which was overruled was a general one ( *Taylor* v. *Taylor*, 87 Mich. 67, 49 N. W. 519), so that we shall discuss only the question as to whether the allegations of the bill are sufficient to confer upon the court of equity jurisdiction to hear the case.

The bill states, in substance, that complainant is the grandchild of William Mitchell, deceased; that the other parties to the bill are children or grandchildren of said William Mitchell, and they, with complainant, constitute all of his heirs at law.   It alleges that the mother of complainant died when he was but 8 months old; that, when he was 7 years of age, he went to live with said William Mitchell, his father then being away, and that he remained with his grandfather and his two aunts until his grandfather died, July 3, 1889; that after his grandfather's death he continued to live with his aunts until 1896, when he was 19 years of age.   The bill also alleges that, when complainant was 5 years of age, his grandfather, then being of sound mind, made a will, disposing of an estate worth $40,000 or more, giving to his wife the use of said estate, and upon her death providing for the payment of $250 in bequests, the balance to be divided between his heirs at law, one of whom was complainant.   The bill further alleges that in December, 1886, when the grandfather was in feeble health, and not of sound mind, he was induced, by undue influence, fraud, and deceit, to change his will so that complainant would receive but half of what had been originally provided for him in the will. It also alleges that in May, 1889, his grandfather, while of unsound mind, under undue influence, and by fraud

and deceit, was further induced to change his will so as to cut off complainant with a $50 bequest; that in July, 1889, his grandfather died, and upon the petition of one of the defendants the will and codicils were admitted to probate, the name of complainant not being mentioned in said petition; that complainant had no general guardian; that his father was absent from the State most of the time during the settlement of the estate; that no guardian *ad litem* was appointed for him; and that complainant had no knowledge of the proceeding in probate court.

"And this complainant further alleges that the acts and doings of the defendants are a fraud upon the just rights of complainant, and that he was fraudulently misled and deceived by those whose interests in said estate were adverse to his, and he is informed and believes, and charges the truth to be, that the heirs of said deceased, except complainant, fraudulently entered into a conspiracy to cheat and defraud this complainant of his rights and interests in the estate of his said grandfather, and that they falsely and fraudulently made misrepresentations to the said William Mitchell, deceased, in his lifetime, while feeble in body and mind, and used undue influence upon him to make said pretended codicils, in order to cheat and defraud this complainant of his interests in his said grandfather's estate; that they falsely and fraudulently concealed from him the true state of affairs, for the purpose of preventing him from contesting the admission to probate of the codicils before mentioned, and from protecting his rights in said probate court,—all of which is contrary to equity and good conscience."

It is insisted by the defendants that the jurisdiction of the probate court was ample in the premises, that the proceeding is substantially one *in rem*, and that the remedy is by appeal. If the claim of the solicitor is true, then complainant is without a remedy. In *Grady* v. *Hughes*, 64 Mich. 540 (31 N. W. 438), it was held that the probate court could not, upon petition, vacate an order allowing the final account of an administrator. In *Corby* v. *Wayne Probate Judge*, 96 Mich. 11 (55 N. W. 386), it was held that a probate court could not vacate its order allowing to probate a fraudulent will. When *Grady* v.

*Hughes* was before the court the second time ( 80 Mich. 184, 44 N. W. 1050 ), it was held a bill in equity would lie against an administrator whose final account was a fraudulent one. When *Corby* v. *Trombley* was here the second time ( 110 Mich. 292, 68 N. W. 139 ), the bill of complaint was dismissed because of the laches of complainant, but no question was raised but that it was the proper method of remedying the wrong done by obtaining the probate of a fraudulent will.

It is insisted the averments of fraud are too general; that there is no specific averment of wrong-doing upon the part of the defendants, or any of them, to warrant the interference of the court. We cannot accept this view of the solicitor. The complainant is not obliged to set up in his pleadings all he expects to prove. We think the allegations of fraud are sufficiently definite to put defendants upon their defense.

The order overruling the demurrer is affirmed. The case will be remanded, and defendants are given 20 days in which to answer.

The other Justices concurred.