## NOLAN *v.* GARRISON.

1. PROBATE COURTS — JURISDICTION — PROPERTY OF PERSONS NON COMPOS MENTIS—STATUTES—AMENDMENTS—CONSTRUCTION.

Under the statute (chap. 33, 1 Comp. Laws, and chap. 234, 3 Comp. Laws) the probate court has exclusive jurisdiction of the settlement of the estates of mentally incompetent persons under guardianship except where its remedies are inadequate; and the amendment of 1871 (Act No. 39, Laws 1871) to section 651, 1 Comp. Laws, is simply declaratory of the existing law, removing any doubt as to the power of chancery courts to exercise their general inherent equity powers where the remedies in the probate court were inadequate, and the expression in said amendment "originally exercised over the same matters" refers to the exercise of such powers as theretofore existed in this State, and not to such powers as originally exercised by the courts of chancery in England.

2. SAME.

The fact that the legality and extent of a demand against an incompetent may be established in common-law courts does not necessarily give a court of chancery concurrent jurisdiction to enforce its decree by the ordinary process of execution; since under chapter 234, 3 Comp. Laws, the payment of such debts may only be enforced by suit upon the guardian's bond.

3. INSANE PERSONS—GUARDIANSHIP—CUSTODY OF PROPERTY.

Where, under the statute (sections 9234–9242, 3 Comp. Laws,

as amended by Act No. 55, Pub. Acts 1901), a sale was made of property devised by will to the devisee for life and the proceeds thereof placed in the hands of a trustee to be invested and the income to be paid to the devisee, upon his being adjudged mentally incompetent and the appointment of a guardian, the court properly modified its order in directing the fund to be placed in the control of such guardian.

4. PROBATE COURTS — JURISDICTION — ADEQUACY OF REMEDIES — PRESUMPTIONS.

It will be presumed that a guardian of a person mentally incompetent will comply with his statutory duty to pay the debts of his ward under the supervision of the probate court without the necessity of the debtor's bringing suit upon his bond; hence, it cannot be determined that such remedy is inadequate so as to give a court of chancery auxiliary jurisdiction, especially since in such case the chancery court would have no greater power than the probate court to allow a preference of complainant's claim over those of other creditors.

Appeal from Wayne; Murphy, J. Submitted January 5, 1909. (Docket No. 1.) Decided April 24, 1909.

Judgment creditor's bill by Frances A. Nolan against John W. Garrison, Charles Thurman, guardian of said John W. Garrison, the Detroit Trust Company, and the United States Savings Bank. From a decree dismissing the bill, complainant appeals. Affirmed.

*Walker & Spaulding*, for complainant.

*Edward McNamara* (*Geer, Williams, Martin & Butler*, of counsel), for defendants Garrison and Thurman.

BLAIR, C. J. The will of John J. Garrison, admitted to probate in 1876, devised certain real estate to his son, John W. Garrison, for life, remainder in fee to his heirs. Proceedings were taken by John W. Garrison under the provisions of 3 Comp. Laws, §§ 9234–9242, as amended by Act No. 55, Pub. Acts 1901, which resulted in the sale of the property and the payment of the proceeds, over

$130,000, to the Detroit Trust Company as trustee thereof. It was provided in the order that the fund should stand in lieu of the land, be invested, and the income paid over to Garrison. In August, 1905, John W. Garrison was by the probate court for Wayne county adjudged to be a mentally incompetent person, and Charles Thurman was appointed guardian of his person and estate. On November 16, 1905, the Wayne circuit court in chancery made an order directing the payment by the Detroit Trust Company to Thurman as guardian of "all of the net income of the fund in its hands belonging to said Garrison in quarterly payments." Thereafter complainant instituted proceedings in equity against Garrison, his guardian, and others, which resulted in a decree in her favor on October 8, 1906, for $23,611.11 and costs. This decree was afterwards affirmed in this court. 151 Mich. 138. Having collected $7,884.12 upon an execution levy, complainant has filed this creditor's bill to subject the income of the trust estate to the payment of the balance due upon her decree. The circuit court dismissed the bill of complaint on the grounds (1) that the probate court had exclusive jurisdiction; (2) that, if the chancery court had jurisdiction, such jurisdiction should be invoked by proceedings in the cause where the trust decree was entered. From the decree dismissing her suit complainant appeals to this court.

We think it must be held that, under the provisions of chapter 33, §§ 646-701, 1 Comp. Laws, and chapter 234, §§ 8697-8747, 3 Comp. Laws, the probate court has exclusive jurisdiction of the settlement of the estates of mentally incompetent persons under guardianship, except where its remedies are inadequate, unless by the amendment of 1871 (Act No. 39, Laws 1871, section 651, 1 Comp. Laws), it was intended to give to the chancery courts concurrent jurisdiction of such cases. *People* v. *Wayne Circuit Judge*, 11 Mich. 393; *Holbrook* v. *Campau*, 22 Mich. 288; *Dickinson* v. *Seaver*, 44 Mich. 624; *Church* v. *Holcomb*, 45 Mich. 29; *Morford* v.

*Dieffenbacker*, 54 Mich. 593; *Schlee* v. *Darrow's Estate*, 65 Mich. 362; *In re Andrews' Estate*, 92 Mich. 449 (17 L. R. A. 296); *Nester* v. *Ross' Estate*, 98 Mich. 200; *Cole* v. *Cole's Estate*, 125 Mich. 655; 3 Pomeroy's Equity Jurisprudence (3d Ed.), § 1154.

Section 651, 1 Comp. Laws, appears in the Revised Statutes of 1838 (part 3, tit. 1, chap. 4, § 4) as follows:

"The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of such deceased persons, and of such minors and others under guardianship."

By Act No. 39, Laws 1871, the section was amended by adding the proviso, as it appears in section 651, 1 Comp. Laws:

"That the jurisdiction hereby conferred shall not be construed to deprive the circuit court in chancery, in the proper county, of concurrent jurisdiction as originally exercised over the same matters."

The section was further amended in 1905 by enlarging the power of the judge of probate, so that he might "grant rehearings and may modify and set aside orders, sentences and decrees rendered in such court." Act No. 271, Pub. Acts 1905.

In *People* v. *Wayne Circuit Judge*, supra, Mr. Justice Campbell said:

"I am very strongly inclined to the opinion that under our probate system the court of chancery has only jurisdiction in those cases in which an adequate remedy does not exist in the probate court."

In *Holbrook* v. *Campau*, supra, Mr. Justice Cooley said, speaking for the court:

"Estates of deceased persons are not settled in equity under our laws, nor can the court of chancery interfere to remove administrators for abuse of their trust. Complete jurisdiction over these subjects is conferred upon the courts of probate, and, if the interposition of equity is demanded, it must be for some purpose auxiliary to relief being sought in those courts. * * * But we think the

circuit judge was entirely right in holding that whatever
jurisdiction the court of chancery formerly had of these
subjects is now conferred by our law upon the courts of pro-
bate.   And we have no doubt that jurisdiction in those
courts was meant to be exclusive, except as the court of
chancery, in exceptional cases, might render them aid and
assistance by means of such auxiliary remedies, as might
be needful to prevent wrong and injustice before the pro-
bate jurisdiction could be rendered effectual."

These opinions have frequently been cited with ap-
proval since the adoption of the amendment, and the
practice has been in accordance with them.   To hold that
the amendment had the effect to confer upon the court of
chancery full concurrent jurisdiction "of all matters re-
lating to the settlement of the estates of such deceased
persons, and of such minors and others under guardian-
ship," as originally exercised by the court of chancery in
England, would be to revolutionize our practice as under-
stood by the bench and bar throughout the history of our
State.

We are of the opinion that it was not the intention of
the legislature by the amendment to confer upon the court
of chancery the powers originally exercised by that court,
but that it was the intention, as declaratory of the exist-
ing law, to remove any doubt as to the power of the court
to exercise its general inherent equity powers where the
remedies in the probate court were inadequate, and that
the expression, "originally exercised over the same mat-
ters," should be construed as referring to the exercise of
the inherent equitable powers of the court as theretofore
exercised in Michigan.   *State* v. *Ueland*, 30 Minn. 277.

The fact that the legality and extent of a demand
against an incompetent may be established in the com-
mon-law courts is not opposed to our conclusion.   In
*Simons* v. *Van Benthuysen*, 121 Mich. 697, the method
of enforcing such a judgment was expressly left unde-
cided.   As early as 1818, at least, the guardians of in-
competent persons were required to provide—

"For the comfortable maintenance and support of the said idiot, lunatic, non compos or distracted person and also of his or her household or family * * * and shall also be subject to the payment of all just debts owing by such person which were contracted before their distraction," etc.   1 Terr. Laws, p. 377, § 4.

Such has been the law down to the present time.   By section 8711, 3 Comp. Laws, the guardian is given "the care and custody of the person of his ward, and the management of all his estate, until such guardian shall be legally discharged."   By section 8717 the guardian is required to "pay all just debts due from the ward."   Section 8719 provides that "every guardian shall manage the estate of his ward frugally and without waste, and apply the income and profits thereof, as far as may be necessary, for the comfortable and suitable maintenance and support of the ward, and his family, if there be any," etc.   These provisions are inconsistent with the view that the common-law courts may enforce their judgments by the ordinary process of execution.   In our opinion their power is exhausted by the rendition of judgment, and payment must usually be enforced by suit upon the guardian's bond.   *Wright's Appeal*, 8 Pa. 57; Woerner on American Law of Guardianship, § 139; *State* v. *Dunbar's Estate*, 99 Mich. 99; *Conant* v. *Kendall*, 21 Pick. (Mass.) 36; *Cole* v. *Eaton*, 8 Cush. (Mass.) 587.   In our opinion the guardian became entitled to the income of the trust fund upon his appointment, and the chancery court simply followed its legal duty in modifying its decree to that effect.   *In re Earp's Estate*, 2 Pars. Eq. Cas. (Pa.) 178.

It remains to consider whether the probate remedies are adequate for the enforcement of complainant's decree. Under ordinary circumstances, the remedy by suit upon the bond, if payment were refused by the guardian, would be adequate.   *Conant* v. *Kendall*, supra.   It is conceded that in either the probate or the chancery court provisions must first be made for the comfortable support

of the incompetent person and his family, and we are of the opinion that the court of chancery, in the exercise of its auxiliary jurisdiction, would have no greater power than the probate court to allow a preference of complainant's debt over those of other creditors.

It is argued by complainant's counsel that the remedy by suit upon the bond would be inadequate, because "the judgment against the guardian would be limited to funds in his hands, and the lack of funds or of adequate funds would be a defense, complete or pro tanto, according to the circumstances. In the present case repeated suits would be necessary." We cannot presume in advance that the guardian will neglect his statutory duty to pay the debts of his ward under the supervision of the probate court, but should rather presume that he will do so, and that, therefore, it will not become necessary to bring suit upon his bond.

The decree is affirmed, with costs.

GRANT, HOOKER, MOORE, and McALVAY, JJ., concurred.