*In re* MILLS' ESTATE.

APPEAL OF MILLS.

1. ESTATES OF DECEDENTS—PROBATE COURTS—PETITION TO RE-OPEN ACCOUNT—EXECUTORS AND ADMINISTRATORS.
   A petition in probate court to order a rehearing of an administrator's final account is properly allowed on a showing of mistake or fraud. Act No. 271, Pub. Acts 1905.

2. SAME—APPEAL TO CIRCUIT—REASONS.
   An appeal from probate court on the sole ground of want of jurisdiction does not permit a consideration of the merits in the circuit.

Error to Eaton; Smith, J. Submitted October 5, 1909. (Docket No. 5.) Decided November 5, 1909.

Petition by Mae Mills Hulbert for a rehearing on the allowance of the final account of Myron Mills, deceased. The petition was granted, and the administrator appealed to the circuit court. An order dismissing the appeal is reviewed by said administrator on writ of error. Affirmed.

*A. Elwood Snow*, for appellant.

*Joseph B. Hendee* (Huggett & McPeek, of counsel), for appellees.

Appellant, Myron Mills, was the administrator of the estate of Frank B. Mills, deceased.   On April 2, 1907, he presented his final account to the probate court, and asked for its allowance.   It appears from the record that on the same date an order was entered allowing the account. The statement is made in appellant's brief that the probate court made an order fixing a date for hearing, and directed notice thereof to be given by publication in a newspaper published in the city of Charlotte.   This statement is not denied in appellee's brief.   We, therefore, assume that there is a clerical mistake in the dates above mentioned, and that due notice of the hearing was given.   On June 18th following the widow of deceased filed a petition with the probate court, stating that she did not learn of the filing of this final account, or of the hearing thereon, until shortly before the filing of her petition.   She prayed for a rehearing of said final account, and that notice be given the administrator and other parties interested, who were named in her petition.   In her petition she charged that the administrator had not paid her the sum of $82, balance of the amount due her as the widow of the deceased, under an order of the probate court.   She further charges that he had filed no account for a portion of the assets of said estate, and that the account, in several particulars, was so indefinite, uncertain, and irregular as to make it impossible to determine for what various items the disbursements therein charged were made; and that some of the charges were excessive, irregular, and illegal and a fraud upon said estate, and that no proper vouchers showing the disbursements were filed with the account. She further charges that he had paid an exorbitant and excessive sum, $300, to an attorney for alleged services rendered the estate.

The probate court entered an order fixing a date for hear-

ing her petition, due notice whereof was served on the administrator. The administrator filed no answer or other pleading, and upon the date fixed for the hearing the parties appeared by their respective attorneys. The probate court made an order granting a rehearing, reciting that he made the order after a full hearing and examination in the premises, and finding that there were evidences of irregularities, unwarranted and improper charges, a payment of a claim disallowed by the commissioners, and failure upon the part of the administrator to properly account for the funds of the estate. A date was then fixed for the hearing of the final account, and certain changes made therein against the administrator. From that order the administrator appealed to the circuit court, alleging as his reason for said appeal that—

"The said probate court had made an order on April 2, 1907, allowing final account of administrator, and had no authority to modify or set same aside, as said court assumed to do on July 15, 1907, and, further, assumed, in an order made on September 4, 1907, to modify the order allowing final account of administrator and disallowing certain items in said final account aggregating the sum of $300 and upwards, and charging said administrator interest on certain moneys collected by him as administrator."

The circuit court dismissed the appeal, and the order of the circuit court is now before us for review.

GRANT, J. (*after stating the facts*). 1. The petition in this case was filed under Act No. 271, Pub. Acts 1905. By that act the law was amended, giving to the probate courts the right to modify and set aside their orders, sentences, and decrees upon a petition therefor made within 90 days of the original hearing, or of the entry of such order, sentence, or decree. Prior to this act probate courts had no authority to set aside or modify their decrees. The sole remedy was by appeal to the circuit court. The position of the appellant is that the probate court has no jurisdiction to entertain a petition without a showing of fraud, accident, or mistake, and insists that the petition

does not allege either of these requisites. Whether the statute should receive the construction insisted upon by appellant it is unnecessary to determine. The petition alleges facts, which, if true, are either the result of a mistake or fraud. The allegations of the petition are therefore sufficient, and the court has found that they were sustained by the evidence. The evidence upon which he based his conclusions is not in the record.

2. The order of the circuit court dismissing the appeal was entered May 21, 1908. On July 9th following, the administrator made a motion to grant a rehearing and a new trial because he had not had a hearing on the merits. The motion was denied, holding that the sole reason stated in the petition for the appeal was that the probate court had no authority to modify or set aside his previous order allowing the final account. The statute regulating appeals from probate courts requires the appellant to state the reasons for the appeal. He can urge no other reason upon trial in the appellate court. *In re Ward's Estate*, 152 Mich. 218 (116 N. W. 23). The jurisdiction of the probate court was the sole question submitted in the appellate court. The appellant did not appeal from the merits.

The judgment is therefore affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.