*In re* BUTTS' ESTATE.

1. WILLS—PROBATE PRACTICE—PLEA.
    Contestants having filed a plea to a petition for the probate of decedent's will, setting up a former adjudication in bar of the proceedings, were entitled, on demurrer to the plea, to have the facts set up therein taken as true.

2. SAME—PROBATE COURTS—VACATING ORDERS.
    Except in pursuance of the statute permitting probate courts to modify or set aside their orders or decrees within 90 days of the rendition of the same (Act No. 271, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 12099), courts of probate have no jurisdiction to modify or set aside their orders or decrees, or, after

admitting a will to probate, to enter a decree admitting a different instrument to probate.[1]

3. SAME—JUDGMENTS.

The effect of admitting to probate a subsequent will would be to revoke or set aside the prior adjudication, admitting the first will, even though the order of the court should not so declare.

4. SAME—LACHES.

Proponent's remedy, if any exists, is in chancery, which has jurisdiction to entertain bills in cases for which the probate courts have no adequate relief, and peculiarly in cases of fraud, accident or mistake, where it appeared that an instrument subsequently revoked by the execution of a second will had been, by mistake, admitted to probate, and owing to the fact that proponent supposed the right will had been offered and admitted to probate, he took no action from 1880 until 1911.

Error to Saginaw; Gage, J. Submitted October 15, 1912. (Docket No. 87.) Decided January 3, 1913.

Dellmore A. Butts presented to the probate court of Saginaw county a petition to admit to probate the last will of Anna Maria Butts, deceased. Contestants filed a plea to the jurisdiction of the court which caused the proceedings to be certified to the circuit court for determination. Petitioner demurred and the demurrer was overruled; petitioner brings error. Affirmed.

*A. L. Chandler* and *George E. Pardee,* for appellant.

*James P. Devereaux,* for appellee.

STEERE, C. J. This case comes here on an appeal taken from a judgment of the circuit court of Saginaw county, overruling petitioner's demurrer to a plea to the jurisdiction of the probate court of said county, to entertain a petition for the probation of a lost will, quashing

---

[1] On the question of the right to dismiss or withdraw proceedings to probate or contest a will or issues thereunder, see note in 19 L. R. A. (N. S.) 121.

As to who may sue or take other proceedings to set aside decree of probate, see note in 54 L. R. A. 761.

the proceedings, and dismissing said petition in accordance with said plea.  The matter was appealed and certified from probate court to the circuit court under Act No. 238 of the Public Acts of 1911 (5 How. Stat. [2d Ed.] § 12111), permitting appeals to be taken from the probate court during the pendency of a petition for the allowance of a will, and before final hearing thereon in said court.

The petitioner, a grandson of Anna Maria Butts, deceased, filed the petition in question on October 16, 1911, in the probate court of Saginaw county, asking probation of a lost will claimed to have been made by deceased in June, 1878.  Said Anna Maria Butts died in 1880, prior to April 20th of that year, on which day her son, Jacob Butts, filed a petition in said court for the probation of her last will and testament.  An instrument in writing, dated April 5, 1876, was produced in evidence, and properly proven as such will.  It was duly admitted to probate, and said Jacob Butts was appointed its executor. He qualified and entered upon his duties as such executor, and continued to act in that capacity until his death in 1901.  Upon his death his brother, John Butts, who by said will was given a life estate in a farm formerly owned by deceased, was named as executor, and so continued until his death in 1911, following which his wife, Maria Butts, was appointed executrix, and so still continues.

Petitioner in this case is a son of said Jacob Butts, who filed the first petition, and was appointed executor in 1880.  He claims in his petition that the former will made in 1876, and probated on petition of his father, had been revoked by a later will made in 1878; that neither he nor his father knew there were two wills, but labored under the misapprehension that the will then probated was the one now sought to be probated, owing to the fact that both wills gave a life estate in the land left by deceased, which was the principal part of her estate, to his uncle John Butts, and they were advised, and understood, that there could be no further distribution until his uncle's

death; that, after the death of his uncle in 1911, petitioner wrote to the probate court of Saginaw county to obtain a copy of the will which had been probated, and then it was first discovered that there were two wills, and the wrong one had been admitted to probate; that the later one, made in 1878, was drafted by an attorney named James Johnston, in Chesaning, Saginaw county, and left with him for safe-keeping, and was in existence at the time of the death of the testatrix, but that said Johnston has since died and his papers have been scattered and destroyed, so that said will cannot be found and produced; that petitioner can, however, make proof of the contents of the same and its due execution, its disposition of the estate, after the death of his uncle, being different from that in the earlier will, which it expressly revokes.

After this petition was filed, the contestants, being beneficiaries under the will already probated, filed a plea to the jurisdiction, reciting briefly the history of the probation of the other will substantially as already stated, alleging that in the matter of said estate the same court had long before determined that a certain instrument in writing duly presented and proven was the last will and testament of the deceased; that for the court to again act and take cognizance of this second petition would necessarily involve the setting aside of former orders of the court relating to the same estate, and would require the exercise of powers not vested in the court, and beyond its jurisdiction. At this stage of the proceedings the petitioner removed the case to the circuit court, under the statute already referred to, and a stipulation in writing was entered into between the parties, providing that, after the plea had been disposed of, either party could file such order or take such steps as to them seemed proper, following which petitioner demurred to the plea. The case was thereupon submitted to the circuit court on said petition, plea, and demurrer, and said demurrer was overruled.

The matter being presented on demurrer, it is the rule

that all facts alleged and set out in the plea must be taken as true for the purposes of this case, though here the facts material to the question before us also appear in the petition, and are conceded to be true by both parties. It is undisputed that on May 17, 1880, an instrument in writing, duly presented and proven, was adjudicated by the probate court to be the last will and testament of the deceased; that the administration of her estate continued under said will for 31 years, owing to the duration of the life estate provided for in said will. Petitioner now asks that another and different will alleged to be lost, but the contents of which he proposes to prove, containing a revocation of the former will which had been probated, be declared to be the last will and testament of said deceased. Counsel for petitioner discuss at length in their brief the question of laches, and are undoubtedly correct in their contention that it is usually one of fact to be determined in a trial of the case on its merits, and not, as a rule, for adjudication on a plea in abatement or to the jurisdiction. Counsel for contestant substantially admit this, and say in their brief:

" We believe we have made it plain that our objection to appellant's petition is not upon the ground of laches and we submit that the issue is this: Has a probate court jurisdiction to entertain a petition for the probate of an instrument alleged to be the last will and testament of a deceased person, where the same court, in the same matter and estate, has already adjudicated that a certain other instrument is the last will and testament of the deceased person?"

It is recognized as a general principle of law, both in England and America, that any court, whether ecclesiastical, surrogate, probate, or otherwise designated, which, acting within its jurisdiction, has admitted a will to probate, has inherent power to vacate its order or decree and revoke such probate, unless, as in a few jurisdictions, the constitutions and statutes are so framed as to deny the court such power. 40 Cyc. p. 1234. This is one of the

jurisdictions where the general rule does not obtain.   In this State such power is denied to the probate court. While that proposition was at one time a matter of serious contention in this court, and a vigorous dissenting opinion was filed in *Grady* v. *Hughes,* 64 Mich. 540 (31 N. W. 438), the question has long since been put to rest beyond controversy by adjudicated cases.   *Besancon* v. *Brownson,* 39 Mich. 388; *Grady* v. *Hughes, supra; Wright* v. *Wright,* 79 Mich. 527 (44 N. W. 944); *Corby* v. *Judge of Probate,* 96 Mich. 11 (55 N. W. 386); *Hitchcock* v. *Judge of Probate,* 99 Mich. 128 (57 N. W. 1097); *Smith* v. *Boyd,* 127 Mich. 417 (86 N. W. 953); *Hopper* v. *Probate Judge,* 137 Mich. 124 (100 N. W. 266); *In re Mills' Estate,* 158 Mich. 504 (122 N. W. 1080).   The stringency of these decisions was recognized and somewhat relaxed by Act No. 271, Pub. Acts 1905 (5 How. Stat. [2d Ed.] § 12099), conferring on probate courts power to modify or set aside their orders and decrees within 90 days of their rendition, after due notice to all parties in interest, but that provision furnishes no relief in this case, arising so many years subsequent to the original probation.

Petitioner contends, however, that he does not ask or seek by his petition to have the court revoke, or set aside, its former orders or judgments, and that it is not necessary to do so in order to grant the prayer of his petition; that the order admitting a will to probate is conclusive only as to its due execution.   If properly proven and found to be duly executed, the lost will, as well as the former will, stands probated and established as duly executed, thus laying the foundation for invoking a court of chancery to determine between them; the probation of the will being a prerequisite to the chancery court assuming jurisdiction, inasmuch as jurisdiction to probate wills primarily rests with the probate court.   We are unable to accept these conclusions.   The probation of the later will of the same testatrix, in relation to the same property, by its terms revoking the former will, inevitably operates to

nullify and vacate the probation of the former, though the second order of probation may not so declare in exact language. With the admission of a will to probate goes the power and duty to construe such will, and to administer the estate of the deceased according to its terms. It is idle to say two conflicting wills of the same person, making a different disposition of the same estate, can stand probated in and be administered by the same court, at the same time. While probate courts are by statute given jurisdiction of all matters relating to the settlement of estates, they are nevertheless courts for peculiar and limited purposes, and in certain respects incapable of dealing completely with many questions relating to ordinary rights. One of their limitations, as already observed, is lack of power to set aside their own adjudications and grant rehearings, except as authorized by statute. In view of the peculiarities and restrictions necessarily appertaining to the probate courts, the legislature, in the same section by which it conferred upon said court jurisdiction of all matters relating to settlement of estates, also provided—

"That the jurisdiction hereby conferred shall not be construed to deprive the circuit court in chancery, in the proper county, of concurrent jurisdiction, as originally exercised over the same matters." Section 651, 1 Comp. Laws (5 How. Stat. [2d Ed.] § 12099).

Under our probate system, this section, in its entirety, has been construed to give the chancery court jurisdiction only where an adequate remedy does not exist in the probate court, and to declare that in such contingency the chancery court does have jurisdiction to exercise its inherent equity powers, amongst which, peculiarly within its province, are fraud, accident, and mistake. *People* v. *Wayne Circuit Judge*, 11 Mich. 393 (83 Am. Dec. 754); *Holbrook* v. *Campau*, 22 Mich. 288; *Smith* v. *Boyd*, 127 Mich. 417 (86 N. W. 953); *Nolan* v. *Garrison*, 156 Mich. 397 (120 N. W. 977).

We are of opinion that the circuit court was correct in

its conclusions that the probate court was without juris-
diction, and petitioner's only forum, if any, is the court of
chancery.

The judgment is affirmed.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRAN-
DER, and BIRD, JJ., concurred.