### TIPSON *v.* JEANNOT.

1. COURTS—PROBATE COURTS—JURISDICTION.
   A probate court, having assumed jurisdiction of the estate of a deceased person, has exclusive jurisdiction with reference to matters concerning that estate which it can properly hear and determine.

2. SAME.
   The probate court, upon the final hearing as to the distribution of the estate of deceased, can determine the rights of the parties under a postnuptial agreement between deceased and her husband settling their property rights pending divorce proceedings.

3. SAME.
   In a suit for the specific performance of a postnuptial contract, between deceased and her husband, settling property rights, where no question is raised as to any fraud, accident, or mistake in its execution, the chancery court should not exercise jurisdiction after the probate court has assumed jurisdiction of the subject-matter.
   FELLOWS, J., dissenting.

Appeal from Kent; Perkins, J. Submitted October 9, 1918. (Docket No. 21.) Decided December 27, 1918.

Bill by Agnes E. Tipson against Joseph O. Jeannot for the specific performance of a postnuptial agreement. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Hatch, McAllister & Raymond,* for plaintiff.

*Charles G. Turner,* for defendant.

KUHN, J. The plaintiff brings this suit for herself and in behalf of the other surviving heirs of Florence B. Jeannot, who died at Muskegon, Michigan, February 2, 1918. Before her death she had parted from her husband, the defendant, Joseph O. Jeannot, and a bill for absolute divorce was pending in the circuit court for Kent county. In October, 1913, the parties entered into the following postnuptial agreement:

"This agreement, made and entered into by and between Florence Jeannot, of Grand Rapids, Michigan, party of the first part, and Joseph O. Jeannot, of Grand Rapids, Michigan, party of the second part, witnesseth:

"Whereas, the said parties to this agreement are husband and wife and unhappy differences have arisen between them which they have been unable to harmonize and which have resulted in said Florence Jeannot filing a bill of complaint, in the circuit court for the county of Kent, in chancery, against the said Joseph O. Jeannot as defendant, praying for an order requiring the said Joseph O. Jeannot to support her, the said Florence B. Jeannot, which said suit is now pending in said court, and divers proceedings have been had and taken therein and various orders have been made in relation thereto; and,

"Whereas, the said Florence Jeannot is the owner of certain real estate situate in the city of Muskegon, Michigan, and the said defendant, Joseph O. Jeannot,

is the owner of certain personal property and a business situate at Grand Rapids, Michigan:

"Whereas, certain negotiations have been entered into by and between the counsel for the respective parties in behalf of said parties for a settlement and adjustment of all their property rights, which negotiations have finally culminated in the making of this agreement between said parties in relation thereto.

"Now, therefore, for the purpose of settling all of the property rights between the said parties hereto, it is hereby agreed to by and between the said parties and the said Joseph O. Jeannot, party of the second part, does hereby agree to pay to said Florence Jeannot, party of the first part, the sum of eleven hundred and fifty dollars ($1,150), in the following manner, to-wit, fifty dollars ($50) on the 15th day of November, 1913, and the sum of thirty dollars ($30) or more, on the 15th day of each and every month thereafter until the full sum of eleven hundred and fifty dollars ($1,-150) is paid, and the said Florence Jeannot does hereby agree to accept the foregoing provision so made for her of eleven hundred and fifty dollars ($1,150) in full settlement of any and all rights that she may have upon the said Joseph O. Jeannot, for support and maintenance, and does hereby release him from all obligations of her support and maintenance hereafter, and in full settlement of all moneys loaned and due from said second party to first party, and does hereby accept the same in full settlement of any and all alimony, solicitor's fees and other allowances growing out of the suit now pending between said parties, and does hereby release any and all dower rights which she now has, or may hereafter have in any property of the said Joseph O. Jeannot, and each of said parties do hereby release any claims which they have, or may hereafter have, in or to the property of the other, and in case either of said parties hereto should at any time make application for divorce from the other the foregoing provisions shall be in lieu of any and all permanent and temporary alimony or expenses that may be incurred therein, it being the intention by this agreement to settle all property rights between said parties and to make full provision for the support and maintenance of first party and to release said second party from all obligations in relation thereto.

"In witness whereof, the parties hereto have hereunto set their hands and seals this 15th day of October, A. D. 1913.

"FLORÉNCE JEANNOT    (L. S.)
"JOSEPH O. JEANNOT.   (L. S.)"

No will was found, and it is assumed that the deceased died intestate, leaving certain real estate and other property, located in the city of Muskegon, of the value of $6,000 and upwards.  Soon after her death the defendant, Joseph O. Jeannot, was appointed special administrator of her estate, and having filed a bond, letters of administration were duly granted to him by the probate court for the county of Muskegon. Thereafter a bill was filed by the plaintiff in the circuit court for Kent county, in chancery, alleging, substantially, that the defendant, as surviving husband, is endeavoring to get control of the deceased wife's property through proceedings in the probate court for the county of Muskegon, and asking the court to decree that the above agreement between the parties was in full force and effect and binding upon the defendant.  On the filing of the bill a temporary injunction was issued, restraining the defendant—

"from attempting to claim any right or interest in and to the property referred to in a certain agreement dated October 15, 1913, made between Florence Jeannot and Joseph O. Jeannot, which constitutes the estate of Florence B. Jeannot, deceased."

A motion to dissolve this injunction and dismiss the bill of complaint was made by the defendant on the ground that there is no equity in the bill of complaint; that the plaintiffs have a full, adequate and complete remedy at law; that the circuit court for the county of Kent, in chancery, has no jurisdiction; and that no bond was filed to stay the proceedings at law, as provided by statute, before the injunction was issued. The only ground argued by the defendant's counsel in

the court below and the only question here presented
is that the circuit court, in chancery, had no jurisdic-
tion to entertain the case, on the theory that the ques-
tions involved are questions that, under the statute,
the probate court of Muskegon county had full au-
thority and power to adjudicate, and that that court,
having acquired jurisdiction, can retain it until the
rights of the parties are disposed of. With this con-
tention the circuit judge did not agree, it being his
opinion that a court of equity has exclusive jurisdic-
tion to enforce specific performance of a postnuptial
contract, and that this proceeding in no way inter-
fered with the right or authority of the probate court
of Muskegon county to proceed with the administra-
tion of deceased's estate.

This is not a question of whether the circuit court,
in chancery, has the power to construe a postnuptial
agreement, which, under the authorities, it clearly
has, but rather presents the question whether or not,
when the validity of the agreement is not questioned,
the probate court has a right to consider the agree-
ment in making an assignment, and also whether, in
order to sustain the plaintiff's claims with reference
thereto, it was necessary to bring the matter into the
chancery court. The probate court of Muskegon coun-
ty, having assumed jurisdiction of the subject-matter,
viz., the estate of Florence B. Jeannot, deceased, has
exclusive jurisdiction with reference to matters con-
cerning that estate which it can properly hear and
determine. *Brooks* v. *Hargrave,* 179 Mich. 136. The
question then is, Can the probate court determine the
rights of the parties to this agreement? In my opin-
ion, it can clearly do so upon the final hearing as to
the distribution of the estate. The plaintiff and
other heirs of the deceased can at that time present
this agreement. and the probate court can then deter-
mine whether or not it should be a bar to the defend-

ant's claim of any right to the estate of the deceased. In the recent case of *In re Butts' Estate,* 173 Mich. 504, Chief Justice STEERE, in reviewing the question of the jurisdiction of the probate court, said the following:

"In view of the peculiarities and restrictions necessarily appertaining to the probate courts, the legislature, in the same section by which it conferred upon said court jurisdiction of all matters relating to settlement of estates, also provided:

"'That the jurisdiction hereby conferred shall not be construed to deprive the circuit court in chancery, in the proper county, of concurrent jurisdiction, as originally exercised over the same matters.' Section 651, 1 Comp. Laws (5 How Stat. [2d Ed.] § 12099).

"Under our probate system, this section, in its entirety, has been construed to give the chancery court jurisdiction only where an adequate remedy does not exist in the probate court, and to declare that in such contingency the chancery court does have jurisdiction to exercise its inherent equity powers, amongst which, peculiarly within its province, are fraud, accident and mistake. *People* v. *Wayne Circuit Judge,* 11 Mich. 393 (83 Am. Dec. 754) ; *Holbrook* v. *Campau,* 22 Mich. 288; *Smith* v. *Boyd,* 127 Mich. 417 (86 N. W. 953) ; *Nolan* v. *Garrison,* 156 Mich. 397 (120 N. W. 977)."

No question is here raised by the plaintiff as to any fraud, accident or mistake in the execution of the instrument, but on the contrary she is seeking to sustain it, and therefore it is not one of those situations peculiarly within the province of equity, so that a court of chancery is necessarily called upon to exercise its inherent equity powers. The rule seems to be settled that the chancery court should not exercise jurisdiction, when an adequate remedy exists in the probate court, after such probate court has assumed jurisdiction to act with reference to the subject-matter.

We have also had occasion to review the power of the probate court in the recent case of *Brooks* v. *Hargrave, supra,* where it was said:

"There can be no question that the probate court assumed jurisdiction of the subject-matter in controversy when the will was admitted to probate and the defendant qualified as executor. It does not lose jurisdiction until the estate is finally closed. Having assumed jurisdiction, it has exclusive jurisdiction and no other court, save an appellate one which subsequently assumes to act in the matter, should proceed further when the priority of jurisdiction is called to its attention. *E. T. Barnum Wire & Iron Works* v. *Speed,* 59 Mich. 272 (26 N. W. 802, 805)."

A somewhat similar situation was presented to the court in *Knapp* v. *Knapp,* 95 Mich. 474, where a case was brought by an heir to enforce the provisions of a separation agreement and to enjoin the widow from claiming a distributive share in her husband's personal property. In that case Chief Justice HOOKER, speaking for the court, said:

"Without saying that equity cannot entertain such a case as this, we feel that there is little excuse for bringing it here. Our law (3 How. Stat. § 5964) gives to probate courts the authority to make decrees assigning estates to those by law entitled to the same. This would seem to confer the power to adjudicate between contesting claimants, as was done in the case of *Jenks* v. *Trowbridge's Estate,* 48 Mich. 94. In the present case the complainant's bill asks a decree denying to the defendant a hearing in the forum expressly provided by law for such cases."

See, also, *Parkinson* v. *Parkinson,* 139 Mich. 530.

I am of the opinion that the trial judge should have dismissed the bill of complaint on the ground that the chancery court had no jurisdiction to proceed, as the probate court had already assumed jurisdiction with reference to the subject-matter in controversy.

The decree of the lower court will be reversed and

a decree entered dismissing the bill of complaint, with costs to the appellant.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, and STONE, JJ., concurred with KUHN, J.

FELLOWS, J. (*dissenting*).   I think it is now too late to deny the jurisdiction of a court of equity to entertain a bill filed for the specific performance of a contract entered into by husband and wife.   See *Dakin* v. *Dakin*, 97 Mich. 284; *Thompson* v. *Tucker-Osborn*, 111 Mich. 470; *Carr* v. *Lyle*, 126 Mich. 655; *Kundinger* v. *Kundinger*, 150 Mich. 630; *Phillips* v. *Phillips*, 83 Mich. 259; *Koch* v. *Koch*, 126 Mich. 187; *Carmichael* v. *Carmichael*, 72 Mich. 76 (1 L. R. A. 596, 16 Am. St. Rep. 528).

I think the decree should be affirmed.