ALLAN SHELDEN ET AL. v. HENRY WALBRIDGE,
ADMINISTRATOR ET AL.

*Bill of discovery by creditors of an estate.*

A bill of discovery cannot be filed in Michigan.

A court of equity cannot examine into the question of the rights of an estate against the widow or of her claims against the estate, where it has already been passed upon by commissioners on the estate and is still in litigation on an appeal.

The creditors of an estate have a legal remedy, as for money had and received, against the widow on claims held by the estate against her or for chattels wrongfully held by her; and the remedy in the probate and circuit courts for investigating the accounts and settling claims and set-offs is not only sufficient, but is imperative after the controversy has begun and the creditors have actively entered into the litigation; and where the rights are fixed there is a remedy on the probate bond.

Appeal from Clinton. Submitted June 18. Decided October 6.

BILL of discovery. Defendants appeal. Reversed; bill dismissed.

*O. W. Barker* for complainants.

*H. & H. E. Walbridge* for defendants.

CAMPBELL, J. The bill in this case is filed by complainants as creditors who have proved a claim against the estate of Lafayette Brown, deceased, which is under settlement in the probate court of Clinton county. The bill, which is

sworn to merely on information and belief, and contains no important facts verified on the merits, avers that Walbridge as administrator took possession of some chattels and collected some debts, and that decedent had a stock of goods worth about one thousand dollars, on which his widow, who is a co-defendant, claimed to hold a mortgage under which she sold the goods by Walbridge's advice, and did not prove the debt before the commissioners. Complainants claim on information and belief that she was indebted to her husband, and that he held notes of $6000 and $300 against her, which were destroyed by her with the assent of Walbridge.

The bill further claimed that Walbridge had suppressed and not filed the report of claims, amounting to over $10,000, of which complainants were allowed $808.12, and had failed to account though cited. The bill claims that the mortgage was fraudulent, and that Walbridge had been offered an indemnity to sue the widow. The bill prayed an account and an application of assets, and for the filing of the report.

It appears, however, that the report has been filed, and that claims of the widow against the estate were allowed by the commissioners, and that complainants have appealed from the allowance to the circuit court. The question of the rights of the estate against her, or of her claim against the estate, having already been passed upon by the commissioners, and still being in course of litigation on the appeal, there can be no power in a court of equity to examine into the subject. Whatever remedy exists against her is a legal remedy for money had and received or for the value of the chattels sold, in the one case, and on the notes in the other. The remedy in the probate and circuit courts, both for investigating the accounts and settling claims and set-offs, is not only sufficient, as held in *Rathbone's Estate*, ante, p. 57, but is also imperative when once the controversy has been opened. *Green v. Probate Judge* 40 Mich. 244. And complainants themselves have become active participants in that litigation. Nothing can be done in equity which could not be as well or better done in the other tribunals where the

case was already under jurisdiction. And when the rights are fixed, there is a remedy on the probate bond.

We have already decided that a bill of discovery can no longer be filed in this State. *Riopelle v. Doellner* 26 Mich. 102. This bill was not filed as such, but mainly to enforce an alleged liability which could be enforced at law, and which was already in a position to be investigated under the usual course of probate. An answer under oath was waived by complainants. We think, therefore, that the case was improperly brought, and that it was not competent to grant the decree which was entered below, but that the case belongs elsewhere. We refrain from discussing the facts, because they are beyond our reach in the present suit, and will be considered in the proper tribunal.

The decree must be reversed and the bill dismissed with costs of both courts.

The other Justices concurred.