HARPER v. CORCORAN.

1. WITNESSES — EVIDENCE — STATUTES — WAIVER — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED — ESTATES OF DECEDENTS.

By introducing in evidence, in a suit for an accounting, testimony of admissions made in the presence of a witness by the husband of decedent concerning her property in his hands, the representative of her estate did not waive the effect of the statute excluding testimony of a party in interest relating to matters equally within the knowledge of deceased (3 Comp. Laws, § 10212; Act No. 30, Pub. Acts 1903). *In re Smith's Appeal*, 52 Mich. 419 (18 N. W. 195).

2. LIMITATION OF ACTIONS—EQUITY—PLEADING.

The defense of the statute of limitations as a bar to a suit for accounting should be averred in the answer.

3. SAME—FIDUCIARY RELATIONS—HUSBAND AND WIFE.

Where defendant was shown to have had in charge money and property of his wife for a period of years, his relation being that of a fiduciary, the defense that the claim was barred by the statute was not available.

4. HUSBAND AND WIFE—MARRIAGE—VALIDITY.

  It was not a defense to a suit for an accounting for funds of
  the deceased wife in her husband's hands that she had been
  married before her marriage to defendant, and that she had
  not been divórced and her first husband had not died, so that
  the second marriage was invalid.

Appeal from Shiawassee; Miner, J. Submitted April
17, 1911. (Docket No. 79.) Decided July 5, 1911.

Bill by Amasa A. Harper as administrator of the es-
tate of Catherine Corcoran, deceased, for an accounting.
From a decree for complainant for less than the amount
claimed, both parties appeal. Modified and affirmed.

*Albert L. Chandler* and *George E. Pardee*, for com-
plainant.

*Odell Chapman* and *Neil R. Walsh*, for defendant.

McALVAY, J. The complainant filed his bill as ad-
ministrator against defendant for an accounting and an
injunction restraining him from disposing of any property
in his hands belonging to the estate of Catherine Cor-
coran, deceased. The theory of complainant was that
defendant who had been married to deceased, and lived
with her as her husband several years, had taken prac-
tically all of the property belonging to her, and refused to
account for it to complainant. Deceased was an illiterate
person, who could neither read nor write her name. She
had some land, given to her by her uncle, which she sold
for $1,712.50, September 17, 1901. Of this amount
$112.50 was cash, $1,600 was represented by a certificate
of deposit, dated September 17, 1901. This was surren-
dered, and a new certificate issued to deceased, and in-
terest paid once or twice. On June 25, 1902, the certifi-
cate was surrendered and one issued to deceased for $850.
The cashier testified that he presumed that the balance
was paid in cash. The next year another certificate was
issued to her for the same amount. It was renewed June
27, 1904. The history of this certificate until the last one

was issued April 20, 1910, for $700, does not appear. This last certificate reads:

"The State Savings Bank. No. 4176 Certificate of deposit. Not subject to check. Owosso, Mich., Apr. 20, 1910. Kate Corcoran has deposited in this bank, seven hundred ($700.00) dollars payable to the order of herself or husband Dennis, or survivor, on the return of this certificate properly endorsed.

Signed,        "M. MINER,<br>"A. Cashier."

This certificate is in the possession of defendant and is claimed by him.

Kate Corcoran died July 10, 1910. It is not disputed that deceased received this money for the land she sold. The testimony on the part of complainant showed a statement made by defendant to the nephew of deceased to the effect that, of the money received from the sale, part was in the bank and part was invested in the place where he lived; that he stated to the brother of deceased that she put part of her money in with him to buy a home in Owosso, and she had $700 in the bank in her own name; that defendant at first stated that he did not know that deceased was worth a dollar or had a dollar; that he did not claim that any gift was made to him by deceased. This statement was made by defendant to witness in the presence of complainant's solicitor who had gone with him to find out what had become of his sister's money. The solicitor testified to the same facts. Complainant and the solicitor also went to defendant for the same purpose, and the substance of their testimony is to the same effect. They had learned from the bank that there was a certificate of deposit of $700 outstanding in the name of deceased.

Defendant was permitted, over the objection of complainant, to testify relative to matters equally within the knowledge of deceased, giving all the facts relative to the disposition of this money, claiming that when the land was sold she gave him $750 as his wages for taking care

of and working for her grantor, and that shortly before her death she gave him the certificate of deposit of $700. In his answer he denied that she was his lawful wife, and claimed that she had a husband living which was unknown to him before her death, and denied that he had ever received or used for his own purposes any money belonging to her.

The court granted a decree in favor of complainant, to the effect that defendant account for the $700 represented by the last certificate of deposit, holding that he was not competent to testify as to matters equally within the knowledge of deceased, and, as to the other items, that the statute of limitations had run. Both parties have appealed.

Counsel for defendant insists that complainant had waived the inhibition of the statute by offering the testimony of witnesses, including himself, as to certain statements made by defendant relative to the estate of deceased. Reliance is placed upon *Smith's Appeal*, 52 Mich. 419 (18 N. W. 195), and other decisions of this court which have followed that decision. The statements in the instant case shown to have been made by defendant were denials that he had received any of her estate, or knew that she had any property, and admissions that he had invested part of her money in the Owosso property, and that $700 was in the bank. If this case cannot be distinguished from the case relied upon, then defendant is entitled to a decree reversing the one appealed from, and to have the bill of complaint dismissed.

In *Smith's Appeal, supra*, the court said:

"Where a party whose testimony, if objected to, would be excluded under the provisions of the statute (2 How. Stat. § 7545) is giving testimony in a cause, and the opposite party calls out facts equally within the knowledge of the deceased, and afterwards seeks to prove the statements so made under oath in a controversy between the same parties, as admissions, he must be held to have waived the inhibition of the statute."

This was a case where the claimant testified before the commissioners on claims, and the objectionable testimony was brought out by cross-examination, and on the trial in the circuit court, the estate produced the commissioners as witnesses, who were permitted to testify to what the claimant "swore to before the commissioners in response to questions put to her by them," and in the circuit court she was cross-examined at length as to this testimony given by her before the commissioners, and defendant then read all this testimony in evidence, which related exclusively to matters equally within the knowledge of deceased party.

In *Beardslee* v. *Reeves*, 76 Mich. 661 (43 N. W. 677), the facts are of the same character as in *Smith's Appeal*, *supra*. The court said:

" It would seem that upon the inquisition in the probate court the disability of the defendant to testify under this statute was waived by the plaintiff. But whether it was so or not, if any part of such examination was used by the plaintiff in the circuit court, the defendant was entitled to the whole of his testimony given on such examination, or such parts thereof as he deemed material."

In *Lilley* v. *Insurance Co.*, 92 Mich. 153 (52 N . W. 631), the testimony of the assignee of deceased, taken in probate court relative to ownership of the life insurance policy, was introduced by the administrator in the circuit court. The court held that the estate waived the provisions of the statute as to matters inquired into in probate court.

In *Re Estate of Dunlap*, 94 Mich. 11 (53 N. W. 788), a widow, administratrix, was called as a witness by the heirs in probate court, and examined fully as to the circumstances of the claimed gift to her by her deceased husband of certain notes. She was also called by them as a witness in the circuit court and testified upon the same matters. The court held that the disability had been waived.

In *Michigan Sav. Bank* v. *Butler Estate,* 98 Mich. 381 (57 N. W. 253), the court held that by cross-examining the witness the statute was waived.

The facts in *Fox* v. *Barrett's Estate,* 117 Mich. 162 (75 N. W. 440), are similar to cases above cited, where the representative of a decedent, upon cross-examination of a survivor adversely interested relative to testimony given before the commissioners, brought out facts equally within the knowledge of deceased, and it was held that the statute was waived.

Mr. Justice HOOKER, speaking for the court, said:

" The statute in question was designed to protect estates, by excluding the testimony upon the subject known equally to the claimant and the deceased party. If, however, the representative of the deceased wishes, he may compel the living party to testify; but in that case he cannot prevent such party from giving a full explanation of the subject inquired about. Can he avoid this by relying upon his admissions to prove the contract ? In this case the defendant has not called the claimant as a witness nor has he interrogated him about the terms of the contract. He has ingeniously avoided it by asking him, not what the contract was, but what he had admitted it to be upon another occasion. This was to all intents and purposes requiring the witness to testify upon the subject, for manifestly he might have as well said to the jury that those statements were true, as to have said that he made them on a former trial when under oath. * * *

"The claimant had not attempted to give evidence about his relations with the deceased, or the subject-matter of the contract, presumably because it was not admissible under the statute. Had counsel for the estate sought to cross-examine him upon these subjects it would have been a waiver of the statute. It is contended, however, that they might show his admissions about the contract, and about his promise to marry the deceased. To do this by another witness might have been proper, but in such case they must have offered the testimony in defense, and subject to the right of cross-examination."

This last case is the only one in this court wherein the court has made an intimation as to whether this statute

would be waived in case statements, made by a survivor, not under oath, and not made during the course of any legal proceedings relative to the estate, were put in evidence on the part of the estate, and that intimation is strong that it would be no waiver.

In but one other case (*In re Estate of Dunlap, supra*) does it appear that other witnesses were sworn as to certain extrajudicial statements made by the survivor, and no reference to such testimony is made in the opinion. We think the distinction is very clear between the cases holding the statute to have been waived, and the instant case. We think those cases clearly were intended to hold that this statute is waived only when the party compels the survivor to testify relative to matters equally within the knowledge of the deceased. The opinion in *Fox* v. *Barrett's Estate, supra,* in effect so holds.

In *McHugh* v. *Dowd's Estate,* 86 Mich. 412 (49 N. W. 216), after the doctrine laid down in *Smith's Appeal, supra,* that the statute is waived when the opposite party compels the survivor to testify, had been twice affirmed, this court held that an administrator could not waive the statute by allowing prohibited testimony to be introduced by a claimant without objection. The court said:

" This ought not to have been permitted by the party representing the estate. * * * The statute was designed to protect the estates of deceased persons against claims which depend, in whole or in part, upon testimony of a party which cannot be refuted by the testimony of the deceased. To permit such party to testify would be a direct violation of the policy of the statute, and open the door to the perpetration of fraud against the estates of deceased persons, which it was the policy of the law to prohibit."

This holding was approved in *Ripley* v. *Seligman,* 88 Mich. 188 (50 N. W. 143). It thus appears to have been the policy of the court not to extend a waiver beyond a state of facts covered by *Smith's Appeal, supra.*

In the instant case complainant in investigating to

ascertain what had become of the estate of his decedent was obeying the law, and he as well as the relatives had a right to make inquiry of defendant. The witnesses were produced and made proof of these statements. They were cross-examined at length, and defendant testified fully relative to his version as to what occurred. The testimony introduced by complainant was relevant and material, and its weight was for the consideration of the court. Our conclusion is that the court was correct in holding that the statute was not waived by complainant, and that the testimony of defendant was not admissible to show a gift to him of the certificate of deposit in question, and that this ruling should extend to all defendant's testimony relative to facts which, if true, must have been equally within the knowledge of deceased.

In defendant's answer under oath, he did not plead the statute of limitations, or make claims of gifts to him by deceased. He denied that any person named Kate Corcoran ever died in Shiawassee county. He denied all knowledge of any estate of deceased, except as to the certificate of deposit which he claimed belonged to him. In his answer he alleges that this suit was instituted against him by complainant and his solicitor on account of enmity against him. The only support to this charge is defendant's testimony that complainant had once treated him meanly and he was unfriendly to him and his solicitor. The answer also sets up at length a charge of fraud on the part of deceased upon him in marrying him while she had a lawful husband living, which was not known to defendant. In support of this charge he produced the record of the marriage on July 15, 1876, and the man, who testified that, as a young man about 19 years old, a hired boy of her father's, he was married to deceased; that she soon went back to New York State; that they never kept house and never lived together afterwards; that he was never divorced, for the reason that he was told the mar-

166 MICH.—31.

riage was illegal because he was not of age. He had resided in Shiawassee county all his life of 52 years.

The complainant, who at one time had been judge of probate of Shiawassee county, appears to have done in this case only what was his legal duty as administrator in attempting to get possession of this estate. There is nothing in the record which reflects upon his conduct, or that of his solicitor.

The contradictions between the allegations of the sworn answer and much of defendant's testimony cannot be harmonized. The willingness which he displays, in throwing discredit upon the woman with whom he lived for 15 years as his wife, without any apparent reason, except to give it publicity, does not appeal to us, when he at the same time is exerting himself to absorb all of her property. His facility in finding this man who had lived all his life in that county, and part of the time in his own city, while not conclusive of his knowledge of the former marriage of deceased, does not tend to strengthen belief in his denial. This paragraph of his answer were better left out. It reflects upon nobody other than defendant, and the proof under it does not affect the issue. The question is not whether she was his lawful wife, but whether he should account in this suit for property belonging to her estate.

We are satisfied that by a fair preponderance of the evidence it has been established that defendant has property in his possession and under his control belonging to the estate of Kate Corcoran. There is little denial as to what he has received. The land of deceased was sold for the sum of $1,712.50; $1,600 was represented by one certificate of deposit. The balance was cash—$112.50. The purchaser paid the entire sum to defendant. The record discloses what became of the certificate. The balance is not accounted for.

From the proceeds of the certificate defendant received, September 20, 1902, $750, which he said he invested in the Owosso property, which was purchased by him at or about that date. The balance went into a new certificate

of $850, which, after several renewals, was taken up, and one issued for $700, which is now in the possession of defendant. What he did with the difference does not appear. An accounting will doubtless disclose. Soon after the sale he also received, from the proceeds of the sale of 400 bushels of corn at 28 cents a bushel, $112.

The court below determined that the statute of limitations had run against all of these items except the certificate of deposit for $700. The statute of limitations has not been pleaded, nor is our attention called to the fact that it was invoked during the trial. While the law in this State is that equity will follow the law in the application of statutes of limitations, the rule is well settled that such statutes must be pleaded. In this case no such plea has been interposed, nor was any permission asked to allow an amendment for that purpose. The case was not heard in the lower court upon that theory, and in this court reliance was had by defendant upon the waiver of the statute, which made defendant a competent witness as to matters equally within the knowledge of deceased.

Nor do we think that the relations of these parties were such as would admit, under the circumstances, of the application of the statute of limitations. These were fiduciary relations, and defendant should account strictly for all property he has received, with legal interest, except upon the $700 represented by the last certificate of desposit. The decree of the circuit court will be modified, and a decree will be entered against defendant charging him with all the several items and amounts herein indicated, with interest, and the case will be remanded to the circuit court for the purpose of taking any material and competent evidence relative to proper disbursements made by defendant, chargeable against the estate of Kate Corcoran, and to determine the balance, or amount due said estate.

The item of $750 and interest will be made a lien against the Owosso property described in the deed from Josiah Deuch to defendant as lots 8, 9, and 12 in block 6, also out-

lots 6, 7, and 8, all in Willow Spring Park addition to the city of Owosso, Shiawassee county, Mich., for the satisfaction of the amount thereof.

Complainant will recover costs of both courts against defendant.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.