GRAHAM *v.* GRAHAM.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE — EQUITY—MIS-
JOINDER—MULTIFARIOUSNESS—DEMURRER.
 A decision overruling a demurrer based upon the theory that
 the defendants were not jointly interested in the cause of
 action, and were improperly joined, was not reviewable on
 appeal, the demurrer being special.

2. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS —
ACCOUNTING.
 The court properly overruled a demurrer to complainant's bill
 which stated that defendants entered into an oral contract
 with decedent and operated her farm, performing all neces-
 sary labor thereon for $300 a year, that defendants, being
 husband and wife, took and applied to their own use money
 derived from the receipts of said farm, and the husband had
 settled his claim against the estate without coming to an ac-
 count for the funds so expended or received by him and his
 wife.

3. SAME—STATUTES—SET-OFF AND RECOUPMENT.
 3 Comp. Laws, §§ 9375, 9383, contemplate that unless reasons
 to the contrary exist, the representative of an estate shall
 set off claims of the estate against those of a claimant so that
 a final balance may be ascertained between the parties and
 needless litigation avoided.

4. SAME—PROBATE COURTS.
 The probate court has exclusive jurisdiction over the settle-
 ment of estates of deceased persons, except when its remedies
 are inadequate or the peculiar remedies of equity are asked
 in aid of complainant's cause of action.

5. SAME—CLAIMS.
 But the statute does not contemplate that the administrator
 shall sever a joint liability as to two persons for the purpose
 of setting off the claim of the estate as to one of them who
 presents his claim against deceased.

6. SAME—ADEQUATE REMEDY—COMMISSIONERS ON CLAIMS.
 Nor is the machinery provided by law for adjusting claims ade-
 quate to determine the equities of a relationship similar to or
 in the nature of a partnership.

7. SAME—COMPROMISE AND SETTLEMENT.
    Where complainant's bill alleged that a settlement was made with the defendant husband without his accounting to the estate for money received by himself and wife under the oral contract, it could be shown on the hearing whether allowance was made for credits claimed in behalf of the estate.

Appeal from Calhoun; North, J. Submitted June 17, 1912. (Docket No. 111.) Decided July 11, 1912.

Bill by Romeyn Graham, administrator of the estate of Adeline P. ·Graham, deceased, against Albert Graham and Salona Graham for an accounting. From an order overruling a demurrer to complainant's bill, defendants appeal. Affirmed.

*Winsor & Miller* and *Stewart & Jacobs,* for complainant.

*J. M. Hatch & Sons,* for defendants.

The bill of complaint in this case is filed by an administrator for the purpose of securing an accounting from the defendants relative to their business dealings with deceased during a long term of years prior to her death. The defendants are husband and wife; Albert Graham being a son of the deceased, Adeline P. Graham. The bill charges that defendants entered into a special oral agreement with the deceased many years ago, the tenor of which was that defendants should live with deceased upon her farm, perform all the necessary labor thereon, and care for and market the products thereof. For these services the defendant Albert Graham was to receive $200 per year, and Salona Graham was to receive $100 per year.

The bill further charges the defendants jointly with having, since said agreement was entered into, received, taken, and applied to their own use large sums of money from the receipts and profits of said farm. It avers a fiduciary relationship between the defendants and the de-

ceased, and, inferentially at least, charges defendants with having fraudulently converted a large portion of the estate of deceased to their own use, and directly charges defendants with refusing upon demand to come to a full and fair accounting in respect to their fiduciary transactions. The bill further sets out that after the death of Adeline P. Graham on March 3, 1910, Albert Graham filed a claim against her estate under the oral contract aforesaid for $2,800, but that he afterwards compromised said claim for $1,100 without accounting to said estate for the moneys received and handled by him and Salona Graham. The prayer is for an accounting.

To this bill defendants demurred for the following reasons:

"(1) That it appears by the said bill that the same is exhibited against the defendants therein for distinct causes of action, in which they are not jointly interested, and that there is a misjoinder of parties defendant in said bill of complaint.

"(2) That the complainant has not in and by his said bill made or stated such a case as entitles him in a court of equity to any discovery or relief from or against these defendants touching the matters contained in said bill or any of such matters.

"(3) That the complainant has a full, adequate, and complete remedy at law.

"(4) That the complainant, as appears by the said bill of complaint, has availed himself of his remedy at law, and that all matters set forth in said bill of complaint have been settled and adjusted.

"(5) That the complainant has not in and by his said bill shown any right or title whatever to compel these defendants to interplead."

The demurrer having been overruled, defendants appeal.

BROOKE, J. (*after stating the facts*). The first ground of demurrer may be dismissed by saying that the point urged, that of multifariousness, is special rather

not be appealed from. *Kerr* v. *Rupp*, 144 Mich. 269 (107 N. W. 1059); *Case* v. *Longyear*, 168 Mich. 434 (134 N. W. 459).

2. We think it can scarcely be claimed that the bill does not set out facts which warrant the interposition of equity. It was said by this court in *Tompkins* v. *Hollister*, 60 Mich. 470 (27 N. W. 651):

"And especially does equity take cognizance of a case where one holding confidential and fiduciary relations to another, and thereby morally and legally bound to communicate facts, conceals them for his own benefit and profit, and to the disadvantage of the other."

See, also, *Darrah* v. *Boyce*, 62 Mich. 480 (29 N. W. 102); *Harper* v. *Corcoran*, 166 Mich. 474 (132 N. W. 106).

3. Has the complainant a full, adequate, and complete remedy at law? 3 Comp. Laws, § 9375, provides:

"When a creditor against whom the deceased had claims shall present a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be; but no claim barred by the statute of limitations shall be allowed by the commissioners in favor of or against the estate, as a set-off or otherwise."

This section must be read in connection with 3 Comp. Laws, § 9383, which follows:

"Nothing in this chapter shall be construed to prevent an executor or administrator, when he shall think it necessary, from commencing and prosecuting any action against any other person, or from prosecuting any action commenced by the deceased in his lifetime, for the recovery of any debt or claim, to final judgment, or from having execution on any judgment."

There is no doubt that the statute contemplates that wherever it is practicable, or unless there is reason to the contrary, the representative of an estate will set off claims of the estate against those of the creditor, so that a final

balance may be ascertained between the parties and need-
less litigation avoided. *Green v. Eaton Probate Judge,*
40 Mich. 244; *Shelden* v. *Walbridge,* 44 Mich. 251 (6 N.
W. 681); *Westra* v. *Estate of Westra,* 101 Mich. 526
(60 N. W. 55).

It is equally clear that the probate court has exclusive
jurisdiction over the settlement of estates of deceased, ex-
cept when its remedies are inadequate or the interposition
of equity is necessary for some auxiliary purpose. *Nolan*
v. *Garrison,* 156 Mich. 397 (120 ·N. W. 977); *Davis* v.
*McCamman,* 165 Mich. 287 (130 N. W. 691). It must
be borne in mind that the bill in the instant case charges
a joint liability on the part of the defendants to the estate.
We do not think it was contemplated by the statute to
compel a representative of an estate to sever a joint action
for the purposes of set-off against the claim of a creditor.
Such a course would often be difficult and sometimes im-
possible. The case at bar furnishes a good illustration of
the difficulty attending such a course. Between the de-
ceased and the defendants there existed a relationship
somewhat resembling a partnership. The machinery of
a tribunal consisting of commissioners on claims is inade-
quate for the purpose of properly adjusting the equities in
such a relationship. *Elder's Appeal,* 39 Mich. 474.
Moreover, it is alleged that all the evidence of the dealings
between deceased and defendants is in the possession of
the defendants. The difficulty the representative of the
estate would encounter in exhibiting his claim of set-off
under such circumstances will be readily appreciated.

4. It is the claim of defendants that the bill shows that
complainant has already litigated the matters in question,
at least as against Albert Graham, and that the whole
matter as to him has been settled and adjusted.

The contrary is alleged in the bill. It is there charged
(and it is admitted by the demurrer) that Albert Graham
accepted the settlement of $1,100 for his claim without
accounting to said estate for the moneys received and
handled by himself and his wife. We do not understand the

bill attacks this settlement.  If in said settlement defendant made any allowance for or on account of the claims now made by the estate against him, that fact can be made fully to appear in the chancery hearing.

5.  The last ground of demurrer does not require discussion beyond what has been hereinbefore said.  While, in the settlement of estates, the aid of equity may be invoked only where the remedy at law is clearly inadequate, we are of the opinion that such a case is made out by the averments of this bill of complaint as to warrant its assumption of jurisdiction.

The decree is affirmed, and defendants are allowed 20 days in which to answer.

MOORE, C. J., and STEERE, McALVAY, STONE, OSTRANDER, and BIRD, JJ., concurred.  BLAIR, J., did not sit.