RUDOLPHI *v.* GILBERT.

1. COURTS — PROBATE COURTS — JURISDICTION — ESTATES OF DECE-
DENTS—TITLE TO PROPERTY.
   The probate court is without jurisdiction to try title to
   land or personal property, either against an administrator,
   claiming the same in his own right, or a stranger to the
   estate.

2. SAME—MOTION TO DISMISS.
   On a bill by a daughter of decedent against her brother,
   administrator of decedent's estate, charging that by undue
   influence, etc., defendant got possession of certain prop-
   erty claimed to belong to the estate, defendant's motion
   to dismiss on the ground that the probate court had
   jurisdiction, *held,* properly overruled.

Appeal from Cass; Des Voignes (L. Burget), J.
Submitted January 9, 1920. (Docket No. 48.) De-
cided February 27, 1920.

Bill by Mamie Rudolphi against William I. Gilbert,
individually and as administrator of the estate of Eu-
gene B. Gilbert, deceased, for an accounting. From
an order denying a motion to dismiss, defendant ap-
peals. Affirmed.

*Hendryx & Mosier,* for plaintiff.

*Gore & Harvey,* for defendant.

Plaintiff and defendant are the only children and
sole heirs at law of Eugene B. Gilbert, deceased. De-
fendant was duly appointed administrator of the estate
of his father. On May 25, 1917, plaintiff filed a peti-
tion with the probate court in which she charged that
a large amount of personal property, the property of
the estate, had been fraudulently, surreptitiously and
unlawfully appropriated by her brother, the defendant,

and prayed that defendant be required to add the property mentioned in the petition to the inventory of the estate, said property to be treated as a part of said estate and to be distributed in accordance with the statute.

To this petition, the defendant filed an answer, denying the material averments of the petition, and in particular stating:

"It is not true, as stated in paragraph three, that deceased at the time of his death, owned a large amount of property and was possessed of large sums of money, and that the proceeds thereof came into the hands of this respondent."

Upon the issue thus framed, the probate court took testimony and rendered a decision, dismissing plaintiff's petition in the following language:

"* * * I am unable to find that at the death of the testator, to wit, the 21st day of May, 1916, that he was the owner of any personal property, or that the executor had in his possession any property or effects belonging to said estate and not inventoried."

Thereafter, plaintiff appealed from such determination to the circuit court, which appeal, upon her own motion, she caused to be dismissed some two months later.

On March 5, 1918, she filed a bill in the circuit court, said bill containing much of the matter set out in her petition in the probate court, but charging further that the defendant—

"did by the use of artifices and wiles unduly influence his said father and by falsehood and otherwise prejudice plaintiff to her said father and unduly influenced the said Eugene B. Gilbert,"

—and thereby got possession of all the personal property specified in the bill of complaint. To this bill of complaint the defendant interposed a motion to dismiss, upon the following grounds:

"1. It appears upon the face thereof that said bill of complaint does not state facts sufficient to constitute a cause of action.

"2. It appears upon the face of said bill of complaint that the probate court in and for the county of Cass, State of Michigan, has jurisdiction of the matters and things stated in said bill of complaint and jurisdiction to grant the relief therein prayed for.

"3. That the matters alleged in said bill of complaint relate to the settlement and distribution of the estate of Eugene B. Gilbert, deceased, and the probate court for said county of Cass has exclusive jurisdiction thereof.

"4. The said bill of complaint sets forth no grounds of equity which will authorize the circuit court for the county of Cass to usurp the jurisdiction of said probate court and take jurisdiction of said estate and settle it to the exclusion of said probate court.

"5. Said bill of complaint states no fact, or facts, showing that the remedies of the probate court are inadequate or that the interposition of equity is necessary for any auxiliary purpose.

"6. That the probate court of said county of Cass has exclusive jurisdiction of the matters set forth in said bill of complaint.

"7. Said motion is based upon the files and records in the estate of Eugene B. Gilbert, deceased, now pending in the probate court for the county of Cass, Michigan; and upon the affidavit of William I. Gilbert, a copy whereof is hereto annexed to and made a part of said affidavit."

Upon a hearing, the court denied the motion, being of the opinion that the question of title to property being involved, the probate court was without jurisdiction in the premises. Leave having been granted by this court, defendant now reviews the order of the circuit judge denying his motion to dismiss.

BROOKE, J. (*after stating the facts*). In the case of *Davis* v. *McCamman*, 165 Mich. 287, it is said:

"The probate court has exclusive jurisdiction over the settlement of the estates of deceased persons, ex-

cept where its remedies are inadequate, or the interposition of equity is necessary for some auxiliary purpose. *Nolan* v. *Garrison,* 156 Mich. 397."

The bill there charged the administrator with falsely and fraudulently crediting himself with various items of disbursement and appropriating such sums to his own personal use and benefit. The bill was held by this court to have been properly dismissed.

In the case of *Graham* v. *Graham,* 171 Mich. 307, the bill was filed by the administrator for the purpose of securing an accounting from certain defendants who had maintained business and fiduciary relations with the deceased. This court sustained the order overruling the demurrer and held that the court of chancery had jurisdiction.

In *Brooks* v. *Hargrave,* 179 Mich. 136, the bill was filed for the purpose of securing an accounting from the executor of the estate. After decree in favor of plaintiff in the court below, this court dismissed the bill of complaint, saying:

"There can be no question that the probate court assumed jurisdiction of the subject-matter in controversy when the will was admitted to probate and the defendant qualified as executor. It does not lose jurisdiction until the estate is finally closed. Having assumed jurisdiction, it has exclusive jurisdiction and no other court, save an appellate one which subsequently assumes to act in the matter, should proceed further when the priority of jurisdiction is called to its attention. *E. T. Barnum Wire & Iron Works* v. *Speed,* 59 Mich. 272."

In the case of *Powell* v. *Pennock,* 181 Mich. 588, the bill was filed by heirs of the deceased against his widow, charging that the widow had fraudulently secured property from the deceased during his lifetime, to the amount of $35,000. A demurrer sustained by the court below was overruled in this court, the court saying:

"In this State the probate courts have exclusive jurisdiction over the settlement of estates of deceased persons, except when their remedies are inadequate or the interposition of equity is necessary for some auxiliary purpose (*Nolan* v. *Garrison,* 156 Mich. 397; *Davis* v. *McCamman,* 165 Mich. 287; *In re McNamara's Estate,* 167 Mich. 406; *Graham* v. *Graham,* 171 Mich. 307; *Brooks* v. *Hargrave,* 179 Mich. 136).
\* \* \*

"Where fiduciary relations exist or fraud is charged, courts of equity have jurisdiction to compel an accounting."

In the earlier case of *Mitchell* v. *Bay Probate Judge,* 155 Mich. 550, the situation was practically the same as in the case at bar. There, relator being dissatisfied with the inventory made by the administratrix, filed a petition in the probate court, alleging upon information and belief that certain real and personal property specifically described should be inventoried. The answer denied the petition. Upon the hearing in the probate court, it was found that the question of title was involved, that the court was without jurisdiction to try the same, and it was ordered that on the filing of a written statement by the administratrix the petition be dismissed without prejudice. This court was asked for a mandamus to compel the probate judge to set aside said order. We then said:

"The record shows conclusively, and, indeed, the petition indicates, that the title to the estate is disputed as to all of the items which relator specified, and that the administratrix claims title herself to some of them, and is disposed to doubt the title of the estate to others which are claimed by third persons. \* \* \* It is manifest that the probate court is not a proper place to try title to land or to personal property, either against an administrator claiming the same in his own right or a stranger to the estate."

—and the writ was denied.

From an examination of the record, it seems clear

that the title to the several items of property mentioned in plaintiff's petition and in her bill of complaint is in dispute, she claiming that said property belonged to the estate of her father while the defendant claims that it belongs to himself. Under the allegations in the bill, charging the defendant with having become possessed of the same through fraud, and after a review of all the authorities touching the question, we are of the opinion that the learned circuit judge properly refused to dismiss the bill.

The decree overruling the motion to dismiss is affirmed, and the defendant will have leave to answer in accordance with the rule.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.