KRIEGER *v.* CUNNINGHAM.

EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS—ESTOP-PEL.

Where the administrator of an estate learned for the first time after the allowance of defendant's claim against the estate that defendant was indebted to deceased on a promissory note, which had been lost, the administrator was not barred by 3 Comp. Laws 1915, § 13872, from maintaining an action on the lost note because he had failed to exhibit said claim to the commissioners on claims or to appeal from the allowance of defendant's claim, since, under the circumstances, this was not practicable, and the trial court therefore properly entered judgment on the note after deducting the amount allowed defendant.

Error to Ionia; Hawley (Royal A.), J. Submitted October 12, 1923. (Docket No. 87.) Decided December 19, 1923.

Assumpsit by Louis H. Krieger, administrator of the estate of Wallace Lovewell, deceased, against Seymour Cunningham upon a promissory note. Judgment for plaintiff. Defendant brings error. Affirmed.

*Glenn D. Mathews,* for appellant.

*Watt & Colwell,* for appellee.

CLARK, J. Defendant presented a sworn claim for services against the estate of Wallace Lovewell, deceased, therein stating that the estate was indebted to him in the sum of $1,435, over and above all claims and legal set-offs held by the estate against him. The claim was examined by the commissioners on claims and allowed in part. After the commissioners had

completed their duties and had signed their report, on June 7, 1922, plaintiff, administrator of the estate, learned for the first time that defendant was indebted to the estate on a negotiable promissory note in the sum of $1,650, given to deceased on April 1, 1920. The note was not found.    Defendant promised from time to time to pay the amount due.    The time for appeal from the decision and report of the commissioners on claims expired.    3 Comp. Laws 1915, §§ 14147, 14145.    Finally, in December, 1922, defendant refused to pay.    Plaintiff commenced this suit to recover the amount due.    A bond for lost note was provided agreeable to 3 Comp. Laws 1915, § 12544. The declaration sets forth a purported copy of the note.    It is not said to have been indorsed.    The execution of it was not denied.    Defendant pleaded the general issue and gave notice of former adjudication and claimed judgment for the amount allowed him by the commissioners on claims and offered no evidence.    The court made findings of fact and conclusions of law.    The amount allowed defendant by the commissioners on claims was deducted from the amount due on the note, and plaintiff was given judgment for the remainder.    Defendant brings error.

It is urged that plaintiff, upon learning that defendant was indebted to the estate, ought to have appealed from the decision of the commissioners on claims while there was yet time, and that plaintiff's failure to exhibit the claim of the estate in offset to the claim of defendant presented against the estate, as required by 3 Comp. Laws 1915, § 13872, is not excused, and that this case is not within those exceptions provided by 3 Comp. Laws 1915, § 13880, construed in *Green* v. *Eaton Probate Judge,* 40 Mich. 244, and in *Graham* v. *Graham,* 171 Mich. 307, and that the commissioners had full power to try and decide the claim, 3 Comp. Laws 1915, § 13875.

Section 13872, *supra,* provides in part:

"When a creditor against whom the deceased had claims shall present a claim to the commissioners, the executor or administrator shall exhibit the claims of the deceased in offset to the claims of the creditor, and the commissioners shall ascertain and allow the balance against or in favor of the estate, as they shall find the same to be;"    *    *    *

And we quote section 13880, *supra:*

"Nothing in this chapter shall be construed to prevent an executor or administrator, when he shall think it necessary, from commencing and prosecuting any action against any other person, or from prosecuting any action commenced by the deceased in his lifetime, for the recovery of any debt or claim, to final judgment, or from having execution on any judgment."

In the *Green Case,* it was said:

"The statute evidently contemplates that in all cases where it is practicable, the representative of the estate shall exhibit such claims of set-off as exist against the demand of a creditor, so that the final determination shall show the balance due either party after deducting one claim from the other.    *    *    *    This is not intended to be left to the discretion of the executor or administrator; and while we are not required to determine the effect of such omission in all cases, we have no doubt the law was passed to secure this action in cases where there is no reason to the contrary."

And again in the *Graham Case:*

"There is no doubt that the statute contemplates that wherever it is practicable, or unless there is reason to the contrary, the representative of an estate will set off claims of the estate against those of the creditor, so that a final balance may be ascertained between the parties and needless litigation avoided."

We agree with the trial judge that the statute requiring the administrator to exhibit the claims of the deceased in offset to the claims of the creditor, and the allowance to defendant under the circumstances,

by the commissioners, constitute no bar to this action. See 3 Comp. Laws 1915, § 13877.

This is an exceptional case, foreshadowed by opinions from which we have quoted. It was not practicable to exhibit the claim of the estate in offset to the claim of the defendant. There was sufficient reason under the statute for bringing this suit. The administrator, content with the amount to be credited to defendant on his claim as determined by the commissioners, was not required, on the facts here shown, to appeal from their decision. The court properly set off against plaintiff's claim the amount allowed to defendant by the commissioners.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.