Ralph M. Greenlaw, Ex'r
vs.    }Eq. No. 7387
Jeanette M. Goodspeed

March 11, 1926.

HAHN, J. Heard on demurrer to bill in equity.

Complainant, as executor of the will of John R. Allen, deceased, complains of respondent and alleges that she is possessed of certain sums of money held in trust for the said John R. Allen during his lifetime and that she did not account to the said Allen and has refused to account to the complainant as executor. The bill asks for an accounting and respond-

ent has demurred thereto, alleging a general want of equity and an adequate remedy at law.

The relations of the deceased, during his lifetime, with the respondent appear to have been in the nature of guardian and ward or trustee and cestui, rather than that of simple debtor and creditor. The demurrer suggests that some of the money may have been spent to and for the use of said Allen. In such circumstances the law regards the respondent as a trustee.

Mulvihill, Adm., vs. White, 89 Ill. App. 88.

The existence of a fiduciary or trust relation, especially in matters of account, appears sufficient to give equity jurisdiction.

1 Corpus Juris, p. 613, 621-623.

Moreover, similar suits have been frequently entertained by courts of equity.

Eisentraut, Adm., vs. Cornelius, 134 Wis. 532.

Hall vs. McKeller, 155 Ala. 508.

Graham vs. Graham, 171 Mich. 307.

There is a possible objection to the bill on the ground that the latter part of the second paragraph might be considered as in the nature of a bill for discovery, although the oath to the answer has been waived in this case which is inconsistent. Such objection is usually available to the defense by motion to strike out rather than by demurrer. However, in such cases where the matter of discovery is merely incidental to the rest of the bill and not the chief objective, there appears to be no reason for striking the particular portion from the bill.

Congdon vs. Aylesworth, 16 R. I. 281, 285.

Demurrer overruled.

For complainant: Greenlaw, Tilley & Tetlow.

For respondent: William M. P. Bowen.